DAN McLEOD v. JOHN M. GRAHAM, *County Judge.*

No. A-1279.  Opinion Filed October 10, 1911.

(118 Pac. 160.)

1.   **COURTS—Appellate Jurisdiction—Prerogative Writs.**  The Criminal Court of Appeals has jurisdiction and power to issue a writ of mandamus directed to an inferior court, in the exercise or in aid of its appellate authority, where the same is a proper proceeding in a criminal case.

2.   **MANDAMUS—Proceedings—Demurrer—Admissions.**  Where a petition for mandamus is filed in this court, and the respondent does not file an answer to said petition, but submits the case upon a

demurrer, the allegations contained in the petition for mandamus will be treated as being admitted by the respondent.

3.    **MANDAMUS—Subjects of Relief—Dismissal of Criminal Prosecution.** Where a defendant is prosecuted, either by information or by indictment, and is not brought to trial at the next regular term of the court in which said case is triable after the prosecution is begun therein, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown, or unless the trial of said cause has been postponed upon the application of the defendant, or with his consent; and if the trial court, upon application of the defendant, refuses to make this order, mandamus proceedings will lie in behalf of the defendant to compel the dismissal of said cause.

.4.    **MANDAMUS—Time for Trial—Grounds for Delay—Presumptions.** Any delay caused by operation of the rules of law will constitute good cause for continuing a case beyond a second term of the court; but the existence of such good cause will not be presumed, but must be shown.

(Syllabus by the Court.)

Petition by Dan McLeod for writ of mandamus to John M. Graham, County Judge of Kingfisher County. Granted.

On the 31st day of July, 1911, relator filed the following petition for writ of mandamus in this court:

"State of Oklahoma, Kingfisher County—ss.:

"Comes now Dan McLeod who, upon oath, alleges and informs the court: That on the 25th day of October, 1910, M. W. Hinch, the duly elected, qualified and acting county attorney of Kingfisher county, Oklahoma, by John T. Bradley, Jr., deputy, caused a certain information to be filed in the county court of Kingfisher county, Oklahoma, charging this defendant with a violation of the prohibitory liquor law of the state of Oklahoma, as shown by said information, a copy of which, with the affidavit in support thereof and all indorsements thereon, is hereto annexed, marked 'Exhibit A,' the same as if set out herein in full.

"That upon said information being filed a warrant duly issued, and he, the said Dan McLeod, was duly arrested by the sheriff of Kingfisher county, and brought before said county court and the judge thereof on the 28th day of October, 1910.

"That on said 28th day of October, 1910, he, the said Dan McLeod, personally appeared in said county court and before the the judge thereof, to wit, the Honorable John M. Graham, who was then the duly elected, qualified and acting judge of said county court; and on said 28th day of October, 1910, he, the

said Dan McLeod, entered his plea of 'Not guilty,' and was by the judge of said county court admitted to bail upon giving bond for his appearance on the 14th day of November, 1911, and he, the said Dan McLeod, then and there duly filed his bond for appearance, which bond was approved by the said judge of said county court.

"That said county court, at the times aforesaid, was in session and continued to be in session to the end of the term. And thereafter, the said county court was regularly convened and a term of said county court was held, commencing on the first Monday of January, April and July, 1911, with the said Honorable John M. Graham presiding as judge of said county court at each and every one of said terms of court, and the said Hon. John M. Graham is the duly elected, qualified and acting judge of said county court, and was at all times heretofore mentioned and still is.

"That he, the said Dan McLeod, personally appeared in open court at the January, 1911, and April, 1911, terms of said court to answer said charge set forth in said information, and was ready and anxious for trial, and at each of said terms of court, demanded a trial on said information filed against him as aforesaid, and he, the said Dan McLeod, was refused a trial on said charge in open court at said January and April, 1911, terms of said court, respectively.

"That terms of said county court were regularly opened and held at both the January and April, 1911, terms of said county court, as by law provided, and said cause of the State of Oklahoma v. Dan McLeod on said information was set for trial, and the trial of said cause was postponed and continued at both said January and April, 1911, terms of said court, by order of the court upon the application of the county attorney, without good cause shown and over objection of him, the said Dan McLeod, the defendant in said cause. That the trial of said cause on said information charging him, the said Dan McLeod with said public offense, was not postponed or continued upon the application of him, the said Dan McLeod, at any of said terms of court, and he was at each of said terms of county court ready for and demanding trial.

"That said cause was again set for trial by said court upon said information, for the 17th day of July, 1911; that on said 17th day of July, 1911, he, the said Dan McLeod, appeared in open court in said county court and filed his motion to dismiss said cause for the reason that two terms of said county court

were held after said information was filed, and the trial of said cause was postponed for the term at both of said terms of court by the prosecution, over his objection, and without any good cause shown by the prosecution for said postponements, as appears by the record of said cause in said county court, and as more particularly appears by said motion, a copy of which, with all endorsements thereon, is hereto annexed, marked 'Exhibit B,' and made a part hereof.

"That on said 17th day of July, 1911, said motion to dismiss was duly presented to the county court, and by the court overruled and the dismissal of said cause denied, as more particularly appears by the journal entry of the court thereon, a copy of which is annexed hereto, marked 'Exhibit C,' and made a part hereof.

"That by reason of said cause being postponed from term to term as aforesaid, and by reason of the court refusing to dismiss said cause, he, the said Dan McLeod, has been prejudiced in his rights as guaranteed to him by the Constitution and laws of the state of Oklahoma; that his witnesses have left and he is now without an adequate and speedy remedy at law.

"Wherefore, he, the said Dan McLeod, prays that an order be made ordering the Honorable John M. Graham, judge of the county court of Kingfisher county, to forthwith dismiss said cause now pending against him, the said Dan McLeod.

his<br>"DAN  X  McLEOD.<br>mark

"Witnesses:  George H. Hodgins.  L. R. Weiss.

"Subscribed and sworn to before me, after the same had been read and explained to affiant, and he declared he understood the nature and contents thereof, this 19th day of July, A. D. 1911.  George H. Laing, Clerk District Court, Kingfisher County, Oklahoma.
[Seal.]"

Exhibit A.

"In the County Court in and for the County of Kingfisher and State of Oklahoma.<br>"Information.<br>"The State of Oklahoma, Plaintiff, v.<br>Dan McLeod, Defendant.

"Now comes M. W. Hinch, as the duly elected, qualified and acting county attorney in and for the county of Kingfisher and state of Oklahoma, duly authorized and empowered to inform

against and prosecute, on behalf of the state of Oklahoma, all public offenses committed and triable within the jurisdiction of the said county of Kingfisher, in the said state of Oklahoma, and as such county attorney, acting under and by virtue of the authority conferred upon him by the laws of the state of Oklahoma, informs the court, that Dan McLeod on the 15th day of October, 1910, in the county of Kingfisher aforesaid, in the said state of Oklahoma, did wilfully and unlawfully sell to Whitelog one-half pint of whisky for the sum of fifty cents, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state. M. W. Hinch, County Attorney, by John T. Bradley, Jr., Deputy."

"State of Oklahoma, County of Kingfisher—ss.:

"Whitelog, of lawful age, being first duly sworn, says under oath, that he had heard read the foregoing information and knows the contents thereof, and that the statements and allegations therein contained and set forth are true.

his<br>
"Whitelog   X<br>
mark

"Subscribed and sworn to before me this 25th day of October, 1910. Maude Smith, Notary Public. [Seal.] My commission expires Jan. 4, 1913.

"Witnesses for state: Wolf Ahead."

Indorsed on the back thereof are the words and figures following: "339. State of Oklahoma, Plaintiff, v. Dan McLeod, Defendant. Information. Filed this 25th day of Oct. 1910. Mary Crosthwait, Clerk. O. K."

Exhibit B.

No. 339.

"State of Oklahoma, Kingfisher County—ss.:

"In the County Court in and for said County.

"Motion to Dismiss.

"State of Oklahoma, Plaintiff, v. Dan McLeod, Defendant.

"Comes now the above-named defendant, Dan McLeod, and moves the court to dismiss the above-entitled cause for the following reasons, to wit: First. That he is the defendant herein, and was arrested on the charge set forth in the information herein, and this defendant has appeared before this honorable court in person each and every time since the filing of the information, and has been ready for trial and demanding a trial of the charge set forth in the information herein, at each term of said court, and at each and every one of said terms of court

a trial has been refused this defendant herein, and at each and every one of said terms of court the trial herein was continued and postponed by the prosecution over the objection of this defendant, and without any just cause or excuse therefor, as appears by the record of this court herein.    Second.    That this cause has at no time been continued at the request of this defendant; that more than two terms of court has elapsed and the trial of said cause was postponed without the consent of this defendant, and said cause was never postponed or continued on application of this defendant.

his

"DAN   X   McLEOD.

mark

"Subscribed and sworn to before me this 17th day of July, 1911.    John M. Graham, Judge of the County Court."

Indorsed on the back thereof are the words and figures following:  "No. 339.    State of Oklahoma v. Dan McLeod.    Motion to Dismiss.    Filed July 11, 1911.    Eva M. Bennett, Clerk Co. Ct.    D. K. Cunningham, Atty. for Defendant."

Exhibit C.

"State of Oklahoma, Kingfisher County—ss.:
            "In the County Court in and for said County.
                        "Journal Entry No._____
    "State of Oklahoma, Plaintiff, v. Dan McLeod, Defendant.

"Now on this 17th day of July, A. D. 1911, the same being one of the regular judicial days of the July, 1911, term of said court, this cause coming on regularly for hearing in open court upon the motion of defendant to dismiss said cause for the reason that more than two terms of this court have elapsed since the filing of the information herein, the plaintiff being present by Frank P. Whistler, the duly elected, qualified and acting county attorney of Kingfisher county, and the defendant, Dan McLeod, appearing in person and by his attorney, D. K. Cunningham. After hearing argument of counsel for the respective parties and being fully advised in the premises, said motion to dismiss is by the court overruled.    To which ruling of the court the defendant then and there excepted, and exception allowed. John M. Graham, Judge of the County Court."

Indorsed on the back there are the words and figures following:  "No. 339.    State of Oklahoma v. Dan McLeod.    Jour-

nal entry, overruling motion to dismiss. Filed July 18, 1911. Inez Fisk, Clerk County Court."

Upon the filing of this complaint an alternative writ of mandamus was issued, requiring respondent to forthwith comply with the prayer of the writ, or to show cause for not doing so. Return day coming on, respondent filed the following demurrer to the petition for mandamus:

Demurrer.

"State *ex rel.* Dan McLeod, Relator, v. John M. Graham, Judge of the County Court of Kingfisher County, Respondent.

"Comes now the above-named respondent by F. P. Whistler, the county attorney of Kingfisher county, and attorney for respondent, and demurs to the petition filed in the above-entitled cause, and for grounds of demurrer says: That said petition does not state facts sufficient to entitle relator the relief prayed for in the petition. F. P. Whistler, Attorney for Respondent."

*D. K. Cunningham* and *L. R. Weiss,* for relator.

*F. P. Whistler,* for respondent.

FURMAN, P. J. (after stating the facts as above). The jurisdiction of this court to entertain mandamus proceedings in such cases as this was passed upon in *Ex rel. Eubanks v. Cole, District Judge,* 4 Okla. Cr. 25, 109 Pac. 736. It is therefore not necessary to discuss this question again. In the Eubanks case a writ of mandamus was denied, because two regular terms of court had not convened since the indictment against the defendant in that case had been presented, and this court there held that the terms of court mentioned in the statute referred to regular terms of court, and did not include or apply to special terms of court.

The demurrer of respondent to the petition of relator admits the truth of the allegations therein contained, and the case has been submitted upon this petition and demurrer.

Section 20 of article 2 of our Constitution is as follows:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed."

This provision of the Constitution guarantees to every defendant charged with crime in this state a substantial right, and we should so construe the Constitution as to secure this right to each defendant, and at the same time not preclude the rights of public justice. What the Constitution means by the term "speedy trial" is found in section 7047, of Snyder's Comp. Laws. of Okla. 1909, which is as follows:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment is triable after it is found, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

This statute relieves trial courts of construing the term "speedy trial" in each and every case wherein it is presented. When it is found that a defendant in any particular case has not been brought to trial at the next regular term of the court in which his case is triable, after the case has been presented therein, it is the duty of the trial court to order the prosecution to be dismissed, unless it appears that the case had been postponed or continued upon the application of the defendant, or unless the state shows good cause (that is, some legal reason) why said case has not been tried, and why said prosecution should not be so dismissed. The evident purpose of these provisions of the Constitution and the statute is to require of the officers of the law that they exercise reasonable diligence in preparing for the trial of criminal cases, and to secure to each person charged with crime a trial as soon after the indictment or information has been filed against them as the prosecution can with reasonable diligence prepare for trial; regard being had to the terms of court.

Any delay caused by operation of the rules of law would constitute good cause for continuing a case beyond a second term of the court. Where it appears from the record that a defendant has not been brought to trial at the second term of the court after the prosecution against him has been instituted, and the record does not show that this postponement was caused by the application of the defendant, or with his consent, then the defendant's

right, if he demands it, to have the prosecution against him dismissed becomes absolute, unless good cause is shown by the state why the case should be continued to a subsequent term of the court; and this showing of "good cause" will not be presumed, but must appear in the record of the trial court, or in the answer to the petition for mandamus. Whether or not the cause shown for the further continuance of a prosecution is sufficient is addressed to the discretion of the trial court, and if the trial court abuses this discretion, it is subject to review upon appeal or in mandamus proceedings. This rule secures to a defendant his right to a speedy trial, upon the one hand, by protecting him from vexatious, capricious, arbitrary, and oppressive delays, and, upon the other hand, it does not preclude the rights of public justice; for, if good cause for a postponement of a trial exists, the requirements of the statute do not apply. Were it not for this rule, an arbitrary and capricious judge could punish a defendant indefinitely by confining him in prison, pending a final trial, or, if the defendant was on bail, such judge could harass and distress him without limit by keeping a groundless accusation hanging over his head and clouding his good name; while, on the other hand, if good cause exists why a case should be continued from term to term of the court, this cause can be made to appear in the record, and the ends of public justice will be protected.

In the case of *People v. Morino,* 85 Cal. 515, 24 Pac. 892, the Supreme Court of California said:

"The Legislature has provided what shall constitute a reasonable time within which a defendant shall be brought to trial."

And then, after setting out section 1382, Pen. Code, it proceeds:

"The court below, in denying the defendant's motion, said: 'The question you raise I have considered before, and, under my construction of the law, it is discretionary, and not mandatory, and I will presume the court was engaged in the trial of other causes.' We think this is not a proper construction of the law. A party charged with crime has the constitutional right to a speedy trial, and the court has no discretionary power to deny

him a right so important, or to prolong imprisonment, without such trial, beyond the time provided by the law. *The statute is imperative.* The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed. Here no cause for delay was shown. *It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the cause was not postponed on his application.* If there was any cause for holding him for a longer time without trial, it was for the prosecution to show it. *The court could not presume it."*

In the later case of *In re Begerow,* 133 Cal. 349, 65 Pac. 828, 56 L. R. A. 513, 85 Am. St. Rep. 178, the Supreme Court of California, quoting with approval the Morino case, said:

"That case has never been called in question, and it decides some important points. First. The statute is a construction of the constitutional provision, so far as to indicate what is a reasonable time within which the case should be brought to trial, in order that the constitutional guaranty may be kept. And it may be fairly interpreted to mean that this guaranty is violated whenever 60 days is allowed to elapse without a trial (two regular terms under our statute); there being no good reason for delay, and the defendant not consenting thereto. And, in the second place, it decides that it is sufficient for a defendant, in order to make out his case upon a motion for a dismissal in the trial court, to show that he has been detained without a trial for more than 60 days (two regular terms under our statute). Upon such a showing the court should dismiss the case, unless the cause for detaining the defendant and for continuing the prosecution is shown on behalf of the people. There is no presumption in such case, at least in the trial court, that the court has acted regularly, or that good cause in fact exists."

In *Ex parte Ford* (Cal.) 116 Pac. 757, this question is considered at great length, and many authorities are cited and discussed by the Supreme Court of California. This court there says:

"A person charged with a criminal offense has a right to a speedy trial, in order that, if innocent, he may go free. To detain him in custody, or to compel him by the exaction of bail to dance attendance upon a court while his trial is arbitrarily postponed without his consent, is not only a wrong and injustice to him, but is a detriment to the public. The design of the

statute, quoted in the opinion of the court, is to prevent these evils. The effect of that opinion, however, coupled with other decisions in similar cases, is to deprive the statute of its intended operation, so far, at least as its enforcement by this court is concerned, and to pervert it to a use wholly foreign and inimical to its purpose. In effect, it has been held that, no matter how unjustifiably the right secured by the statute has been disregarded by the superior court, the party injured has no remedy, except by an appeal to this court; and this, obviously, is no remedy at all for an innocent man, whose trial has been unreasonably delayed, because upon his acquittal he has nothing to appeal from. The only persons who can appeal are those who have been found guilty, and they, if their convictions are otherwise illegal, have no occasion to resort to this statute for their deliverance. The only person, therefore, who can secure its benefits through the intervention of this court is one who stands convicted under a judgment in all other respects free from error; or, in other words, one who is actually guilty of the crime charged against him. *People v. Morino,* 85 Cal. 515, 24 Pac. 892. It is very safe to say that the Legislature would never have enacted such a law if this were the only case in which it could be made effective. The truth is the law was enacted, like all similar provisions relating to criminal procedure, for the benefit of the innocent, and not for the sake of screening the guilty. It is true with respect to this, as with respect to all rules of procedure deemed necessary for the security of innocent men unjustly accused. Guilty men also, being deemed innocent until proven guilty, may take advantage of them; but it is a most extraordinary result that for the wanton and deliberate violation of this rule an innocent man has no remedy, while one justly convicted of a crime may by means of it evade the penalty. To me it seems there must be a mistake somewhere in the decisions that lead to such a result, and I think the mistake consists either in holding that the injured party cannot resort to a mandamus, as this opinion holds, or in holding that he cannot resort to *habeas corpus,* as was held upon a former proceeding by this petitioner (December 12, 1892). If an innocent man, who is kept in jail month after month while his trial is arbitrarily postponed, cannot resort to this court for relief, either by *habeas corpus* or by mandamus, I know of no other remedy he has. Appeal, as above stated, is no remedy, for he cannot appeal until after a trial, and the refusal to bring him to trial is the very wrong of which he complains; and, moreover, being innocent, it is to be presumed he will be acquitted, if he ever is brought to trial, and that he

will have nothing to appeal from. I cannot bring myself to admit that for such a wrong there is no remedy, and consequently I feel satisfied that either *habeas corpus* or mandamus must lie."

The court then goes further and holds that mandamus is the proper remedy in such cases. These cases present our views fully and clearly, and we regard them as decisive of this question.

The relator in this case having shown, and it being admitted by the demurrer of the respondent, that two regular terms of the county court of Kingfisher county, wherein this prosecution is pending had convened, been held, and terminated since the information in this cause was filed therein, and the relator had entered his plea thereto and had been demanding a trial, and that postponements of this case were not with his consent, but were over his objection, and no legal reason appearing in the record for these postponements, we are of the opinion that the peremptory mandamus should be issued.

It is therefore ordered by the court that the respondent, the Honorable John M. Graham, judge of the county court of Kingfisher county, Okla., be and is hereby directed and commanded to dismiss the prosecution in cause No. 339, wherein the state of Oklahoma is plaintiff, and the relator, Dan McLeod, is defendant.

Writ of mandamus as prayed for will issue.

ARMSTRONG and DOYLE, JJ., concur.