## H. C. PARKER v. STATE.

No. A-1369.   Opinion Filed April 25, 1912.

(122 Pac. 1116.)

Rehearing Opinion Filed June 6, 1912.

(124 Pac. 80.)

1.   **CRIMINAL LAW—Delay in Prosecution—Dismissal.**   Where . a defendant seeks to secure the dismissal of a prosecution against him, upon the ground that he was not brought to trial at the next term of the court in which the prosecution was triable after it was filed therein, as is provided by sections 7047 and 7048, Comp. Laws 1909, the burden is on the defendant to prove that the trial has not been postponed on his application.   When the defendant has made this proof, the burden is then on the state to prove that good cause existed for such postponement.

2.   **SAME.**   Before a prosecution will be dismissed against a defendant because it is not brought to trial within the time prescribed by sections 7047, 7048, Comp. Laws 1909, the defendant must prove that he was ready for and demanded a trial, and objected to a postponement or continuance of the case.   If he does not do this, he will be held in law to have waived his right to demand the dismissal of the case under the provisions of the sections above quoted.

3.   **STATUTES—Penal Laws—Duty of Courts.**   Penal laws are not enacted for the encouragement of crime and the protection of criminals, but they are enacted for the sole and express purpose of punishing and suppressing crime and thereby protecting society; and it is the paramount duty of courts to so construe them as to promote this purpose.

4.   **APPEAL AND ERROR—Rehearing—Oral Aruguments.**   Oral arguments on motions for rehearing will not be heard except in cases of the greatest magnitude, or where the court may be in doubt as to the questions involved.

(Syllabus by the Court.)

*Appeal from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

H. C. Parker was convicted of burglary, and appeals.   Affirmed.

*Winn & Brill* and *Pruiett & Sniggs,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   The first ground relied upon to secure a reversal of the judgment in this cause is that the court erred in overruling a motion made by appellant to dismiss this prosecution upon the ground that he was not brought to trial at the next term of the court in which said cause was triable after the information was filed against him, and that said cause was not continued on the application of appellant, and that no good cause was shown for such postponement of his case.   This motion was based upon the following sections of our statutes (Comp. Laws 1909):

"Sec. 7047.   When not brought to trial.—If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment is triable after it is found, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown.

"Sec. 7048.   Court may order continuance.—If the defendant is not prosecuted or tried, as provided in the last two sections, and sufficient reason therefor is shown, the court may order the action to be continued from term to term, and in the meantime may discharge the defendant from custody, on his own undertaking or on the undertaking of bail for his appearance to answer the charge at the time to which the action is continued."

In support of this ground, counsel in their brief say:

"In *People v. Morino*, 85 Cal. 515, 24 Pac. 892, under a similar statute, the court says: 'A party charged with a crime has the constitutional right to a speedy trial, and the court has no discretionary power to deny him a right so important, or to prolong his imprisonment without such trial beyond the time provided by law.'   It was enough for the defendant to show that the time fixed by statute, after information filed, has expired, and that the case had not been postponed on his application.   We cite the following cases holding the same: *United States v. Fox*, 3 Mont. 512; *In re McMicken*, 39 Kan. 406, 18 Pac. 473; *Walker v. State*, 89 Ga. 482, 15 S. E. 553; *In re Garvey*, 7 Colo. 502, 4 Pac. 758; *Ochs v. People*, 124 Ill. 399, 16 N. E. 662; *In re Begerow*, 133 Cal. 349, 65 Pac. 828, 56 L. R. A. 513, 85 Am. St. Rep. 178. In the latter case the petitioner was held under two informations, in the superior court, upon two separate charges for murder. More than 60 days passed without a trial.   The delay not being caused by the defendant or with his consent, and there being no reason shown why the cases had not been brought to trial, the prisoner

was discharged. The court says: "The statute is imperative. The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed. Here no cause for delay was shown. It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without trial, it was for the prosecution to show it. The court could not presume it. There is no presumption in such case, at least in the trial court, that the court has acted regularly, or that good cause in fact exists.' See, also, *State v. Keefe,* 17 Wyo. 227, 98 Pac. 122, 22 L. R. A. (N. S.) 896, 17 Ann. Cas. 161."

We are disposed to accept the statement contained in the brief of counsel, with some additions, as a correct statement of the law. The trouble in this case is that the record does not sustain the position assumed. When this motion was presented to the trial court, appellant did not prove or attempt to prove that the case had not been postponed upon his application or with his consent. Until appellant had done this, it was not necessary for the state to prove that good cause existed for such postponements.

Where a defendant wishes to avail himself of the provisions of our statute above quoted, he must demand a trial and object to a postponement or continuance of the case. If he does not do this, he will be held in law to have waived his right to demand a dismissal of the case on the ground of such postponements. Where he does this, the burden is then on the state to prove that good cause existed for the postponements complained of. The case of *McLeod v. Graham,* 6 Okla. Cr. 197, is not in point. That was a petition for a writ of mandamus to direct the county court of Kingfisher county to dismiss a prosecution against the applicant. In the petition for the mandamus, it was alleged that the cause against the applicant had been continued over his objections and when the applicant was in court ready for and demanding a trial. The cause was submitted upon the demurrer to the petition, and it was expressly admitted that the facts stated in the petition for the mandamus were true. Everything said in that opinion must be considered in the light of the record upon which

it was submitted. We still adhere to the views there announced, but an examination of the record in this cause does not bring it within the rule there stated. The court therefore did not err in overruling the motion to dismiss the prosecution against appellant.

Penal laws are not enacted for the encouragement of crime and the protection of criminals, but they are enacted for the sole and express purpose of punishing and suppressing crime and thereby protecting society, and it is the paramount duty of courts to so construe them as to promote this purpose.

An examination of the decisions of this court will show that other questions presented in the brief of counsel for appellant have all been decided against the contentions therein made. It is therefore not necessary to discuss them. Lawyers who practice in this court should keep themselves informed as to the decisions which it makes.

The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.

---

## ON REHEARING.

PER CURIAM. We appreciate the earnestness and zeal manifested by counsel for appellant, and, if we could spare the time, we would set this motion for a rehearing down for oral argument. The trouble is that, if we hear oral arguments on .motions for rehearing, it would practically double our work, and it would be impossible for us to dispose of the vast volume of business upon our docket. We have therefore been compelled to adopt the rule of only hearing oral arguments on motions for a rehearing in cases of the greatest magnitude, or where the court may be in doubt as to the questions involved. The questions involved in this case have been repeatedly considered by this court. Public interests require the statutes of the state

should receive a fixed and stable construction, and that which has been deliberately decided should not be changed, unless clearly shown to be wrong. Such are the many infirmities and imperfections of human nature that it is always possible that witnesses may have sworn falsely or have been mistaken with reference to that to which they have testified, and that juries may have misunderstood the testimony or the instructions of the court or may have arrived at improper conclusions, and that courts, both trial and appellate, may be mistaken in their rulings and decisions. Therefore, if the law required mathematical certainty in judicial proceedings, no verdict and no judgment could stand. It is possible in any given case that a defendant may have been improperly convicted. All that the law could require is that juries and courts should be satisfied to a moral certainty as to their verdicts and judgments.

We have given the questions involved in this case our most careful attention, and we can see no reason why a rehearing should be granted. The motion for a rehearing is therefore denied.