ADELIA SMITH v. STATE.

No. A-4425.     Opinion Filed July 14, 1924.

(227 Pac. 901.)

(Syllabus.)

1.  Continuance—Dismissal for Delay of Trial—Burden on State to Show Cause for Holding Accused Without Trial Beyond Statutory Time. Under the provisions of section 2913, Comp. St. 1921, providing for a dismissal of a criminal case on application of the accused for unnecessary delay, it is enough for the accused to show that the time fixed by the statute, after information filed, has expired, and that the cause was

not postponed on his application. If there was any cause for holding him for a longer time without trial, it was for the prosecution to show it.

2. **Trial—Instruction on Burden of Proof and Reasonable Doubt Held Erroneous.** An instruction on reasonable doubt and burden of proof, as given by the court, held misleading and prejudicial to the rights of the accused.

Appeal from County Court, Harmon County; E. C. Abernathy, Judge.

Adelia Smith was convicted of the unlawful manufacture of whisky, and she appeals. Reversed and remanded.

C. H. Madden, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J. The plaintiff in error, Adelia Smith, defendant below, was convicted of manufacturing corn whisky. The jury fixed her punishment at confinement in the county jail for a period of sixty days, and assessed a fine of $350.

The defendant was an unmarried, middled aged woman, the owner of a large farm, on which she resided alone. She also owned bank stock and other valuable personal property. At the time of her arrest she was in poor health, and had just recently returned to her home from a hospital in a nearby town. At and just before the time of her arrest she was partially confined to her bed, and her food and other necessities were brought to her by her neighbors.

The officers made application for and secured a search warrant to search her house and premises. They found a still in operation in her garage, under lock and key, located near the residence, together with a large quantity of mash, and about one and a half gallons of whisky, the product of the still.

Defendant testified that she knew nothing about the still or its operation, and was not implicated in the manufacturing of the whisky seized and offered in evidence. The key to the garage was in defendant's possession, and she attempted to show that this garage was a kind of combination implement shed and garage, and that it was possible to enter and leave the shed without disturbing the lock.

No facts were set forth in the affidavit for the search warrant nor in the warrant itself as a foundation for its issuance. It was issued merely on information and belief. Section 2879, Comp. Stat. 1921, provides that the application shall "set forth the facts" upon which the cause for belief is founded, but, since no timely objections were made to the introduction in evidence of the liquor and implements of manufacture seized, on the ground that the search and seizure were illegal, that point cannot now be successfully urged on appeal.

Defendant made a showing that she was arrested in April, 1921, and not tried until more than a year later, with two terms of court intervening; that she was at all times ready, demanding a trial, and that she was not accorded her constitutional right of a speedy trial, and that the delay was through no fault of hers, and that she had not asked for nor assented to the several continuances by the state. Section 2913, Comp. Stat. 1921, is as follows:

"If a defendant, prosecuted for a' public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

This court has held that not every such delay will operate as a cause for a dismissal, but we think the showing

made was sufficient to require the state to show that the delay was necessary. In McLeod v. Graham, County Judge, 6 Okla. Cr. 197, 118 Pac. 160, the court said:

"It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the cause was not postponed on his application. If there was any cause for holding him for a longer time without trial, it was for the prosecution to show it. The court could not presume it."

And in Parker v. State, 7 Okla. Cr. 238, 122 Pac. 1116, 124 Pac. 80, a like declaration is made.

Touching this point, it appears that the trial court gave the county attorney permission to supply the record here with certain portions of the records below. The record here is silent as to any showing made by the state on this point, and we can only speculate as to what that which has been omitted from the record would disclose. We are therefore unable to determine whether the application for a dismissal under this statute should have been granted.

Defendant excepted to and urges as error instruction No. 2 given by the court, which is as follows:

"You are instructed that the burden of proof is upon the state to prove all material allegations contained in the information beyond a reasonable doubt, but, when the state has made out its case by competent testimony beyond a reasonable doubt, the burden of proof shifts to the defendant, who must introduce sufficient testimony in rebuttal to raise a reasonable doubt in your minds as to the guilt of the defendant. In this connection you are instructed that, if you believe beyond a reasonable doubt that at the time the officers made a raid upon the premises of the defendant that a still was found in operation in the garage of the defendant, and that intoxicating liquor containing more than one-half of 1 per cent. of alcohol, measured by volume, was being

manufactured, as charged in the information, and that the premises were in possession of the defendant, although the defendant was not in the garage but in the house a few feet away, it would warrant your finding of a verdict of guilty, unless there was sufficient evidence submitted by the defendant in rebuttal to the testimony offered by the state to the extent of raising in your minds a reasonable doubt as to her guilt; and if you believe from the evidence in this case beyond a reasonable doubt that the defendant is guilty of the crime as charged in the information, then you will find the defendant guilty; but, if you have a reasonable doubt as to her guilt, then your verdict should be not guilty.''

This instruction is faulty in several particulars. It is an unwarranted comment on the weight of the evidence and a misleading statement of law on the burden of proof. In a criminal case the burden of proof, strictly construed, never shifts from the state to the defendant. The burden of introducing further evidence may shift from side to side, but the burden is always with the state on the proof as a whole. Ordinarily, it is error for the court to single out and call to the attention of the jury a part of the state's case and say to them that, if they believe that part beyond a reasonable doubt, then the burden devolves upon the defendant to show proof of justification. The burden is upon the state as to the whole of the testimony, as distinguished from some designated part of it. And section 2719, Comp. Stat. 1921, relating to mitigation or justification in homicide cases, will not apply in this case. The instruction as given was prejudicial.

For the reasons stated, the cause is reversed and remanded.

MATSON, P. J., and DOYLE, J., concur.