## A. F. FINLEY v. STATE.

No. A-4480.   Opinion Filed Sept. 27, 1924.

(228 Pac. 1003.)

(Syllabus.)

1. **Statutory Provisions.** If a defendant, prosecuted for a public offense, whose trial has not been postponed on his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution dismissed, unless good cause to the contrary be shown. Section 2913, Comp. St. 1921.

2. **Continuance—Right to Dismissal for Delay—Burden on State to Prove Good Cause for Postponement.** A defendant is not required to show a reason why he should be accorded a speedy trial. The statutes and the Constitution accord him that right without any such showing on his part. The burden is only on the defendant to show that the trial has not been

postponed on his application, and . when the defendant has made this proof, the burden is then on the state to prove that good cause existed for such postponement; otherwise the cause should be dismissed.

Appeal from County Court, Wagoner County; W. B. Moss, Judge.

A. F. Finley was convicted of the unlawful possession of intoxicating liquor, and he appeals. Reversed, with instructions.

T. J. Lillard, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J. A. F. Finley, plaintiff in error, here designated the defendant, was in the county court of Wagoner county charged jointly with his wife with having in his possession two quarts of spirituous liquor, with the intent to sell the same. In the trial court the wife was acquitted; by the verdict of the jury the defendant was found guilty as charged, with his punishment fixed at confinement in the county jail for a period of 30 days and to pay a fine of $50. From the judgment rendered later, he appeals.

Since the questions involved in this appeal are purely questions of law, an extended recital of the facts will be unnecessary. Defendant admitted the possession of the liquor seized by an officer in defendant's restaurant, the rear portion of which was occupied as the family residence. The restaurant portion was in charge of the defendant's wife, and defendant claimed that the liquor was for her personal use and not for sale. There was evidence tending to support the allegations in the information that the liquor was for sale; there was also substantial evidence tending to support the defendant's claim that it was for the use of his wife upon the advice of a physician.

This prosecution was commenced by the filing of the information in the county court on the 17th day of February, 1922. The defendant and his wife were forthwith arrested and required to give bond for their appearance at the next ensuing (the April) term of court. This they did. On April 3, 1922, the defendants filed a written demand or request for a trial at that term of court, as provided in sections 2912 and 2913, Comp. Stat. 1921.

These sections of our statutes are as follows:

"When a person has been held to answer for a public offense, if an indictment or information is not filed against him at the next term of court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown.

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

Upon presentation of the motion demanding a speedy trial, the court, over the objections of the defendants, made an order setting the case for trial on August 28, 1922, at the regular term of court following. The record contains no showing made by the county attorney as a basis for a continuance, and none was suggested by the court. Upon this point the record is silent.

On August 28th the defendants filed their motion to dismiss the appeal because the defendants were not granted a trial at the term following the filing of the information and that the cause was continued over the term without their consent and against their protests, written and oral. This motion was by the court overruled, as shown by the entry in the criminal trial docket, as follows:

"Aug. 28, 1922. Motion to dismiss heard and overruled. Exceptions by defendants. Jury impaneled and sworn. Verdict—Guilty as to A. F. Finley and a fine of $50.00 and 30 days in county jail. Verdict—Not guilty as to Effie Finley."

Usually in criminal actions it is the defendant who seeks to delay the trial, but if an accused person desires a speedy trial our statutes and the Constitution guarantee him that right. Sections 6 and 20, art. 2, of the Constitution of Oklahoma, read as follows:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed."

Sections 2912 and 2913 of the statutes, supra, were designed to aid in enforcing the constitutional right, and all must be construed together to determine their application to the facts in this case. The record shows that these defendants had just recently come to this state from another state. It is argued that they were practically among strangers and that they were in danger of being surrendered to their bondsmen and in danger of being incarcerated in jail pending their trial if it was postponed. It appears further that they had received a communication purporting to come from the Ku Klux Klan, directing them to forthwith leave the country, with veiled threats of punishment at the hands of the "Invisible Empire" if they failed to comply with the order.

These defendants were therefore in a quandary as to whether they should abide the mandates of the visible gov-

ernment, as nominated in the bond for their appearance in court, or take flight to escape punishment from an invisible government. And they may have desired a speedy trial in order to leave the country as directed. It may have been their purpose to migrate to some other country, such as Turkey or Russia, where their persons and property might be more secure.

These facts and observations are set out to show that in this case there was an impelling reason why these defendants were insisting upon their constitutional right to a speedy trial. A defendant is not required to show a reason why he should be accorded a speedy trial. The statutes and the Constitution accord him that right without any such showing on his part.

In the case of Parker v. State, 7 Okla. Cr. 238, 122 Pac. 1116, 124 Pac. 80, the first syllabus reads as follows:

"Where a defendant seeks to secure the dismissal of a prosecution against him, upon the ground that he was not brought to trial at the next term of the court in which the prosecution was triable after it was filed therein, as is provided by sections 7047 and 7048, Comp. Laws 1909, the burden is on the defendant to prove that the trial has not been postponed on his application. When the defendant has made this proof, the burden is then on the state to prove that good cause existed for such postponement."

In the case of McLeod v. Graham, County Judge, 6 Okla. Cr. 197, 118 Pac. 160, the court quoted with approval from People v. Morino, 85 Cal. 515, 24 Pac. 892, as follows:

"A party charged with crime has the constitutional right to a speedy trial, and the court has no discretionary power to deny him a right so important. * * * It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the cause was not postponed on his application. If there was any cause for

holding him for a longer time without trial, it was for the prosecution to show it. The court could not presume it."

The state wholly failed to meet the requirements of showing that a continuance was necessary. This burden, under the circumstances, was upon the state.

These constitutional and statutory rights are designed to prevent prosecutions and captious delays in criminal trials, in which the accused, whether innocent or guilty, might be imprisoned or detained under bond indefinitely. On the other hand, these provisions were not designed to hamper the state in the prosecution of criminal cases. Where no showing for delay is made by either party, the presumption arises that the delay was necessary or that it was due to the desire of the accused. Head v. State, 9 Okla. Cr. 356, 131 Pac. 937, 44 L. R. A. (N. S.) 871. But where the accused insists and keeps insisting upon a speedy trial, without any showing being made by the state justifying a delay, that presumption does not exist. The adoption of a contrary rule of judicial construction would render the statutes and constitutional provisions relative to a speedy trial nugatory.

The judgment of the trial court is reversed, with instructions to abate the prosecution.

MATSON, P. J., and DOYLE, J., concur.