John H. PICKLE, Petitioner,

v.

Hon. C. F. BLISS, Jr., E. G. Carroll, and Claude W. Garrett, Judges of and for the District Court of Cherokee County, Oklahoma, Respondents.

No. A–13960.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1966.

**72**

Tony Jack Lyons, Pryor, Jack Durrett, II, Tahlequah, for petitioner.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

This is an original action in which petitioner is seeking a writ of mandamus requiring the Judges of the District Court of Cherokee County to dismiss a murder charge against him.

Petitioner's request is laid under the provisions of the 6th Amendment to the United States Constitution, and of Article II, §§ 2 and 20 of the Oklahoma Constitution and Title 22 Okl.St.Ann. § 812.

Petitioner was charged with murder by information filed on October 29, 1962. He was first tried on February 5, 1963 which trial resulted in a mis-trial. He was tried again on October 13, 1964, and the second trial was declared a mis-trial.

December 1, 1965 petitioner filed his demand for a jury trial, which he did not receive. Thereafter, on January 21, 1966 he filed his motion to dismiss the charge because of violation of both his constitutional and statutory rights, of being denied a speedy trial.

The Attorney General in his brief cites Payne v. State, Okl.Cr., 388 P.2d 331, for his authority that the interpretation of Title 22 Okl.St.Ann. § 812 is that when demand for trial is made by one free on bail, it means trial "by the next term of court".

Payne v. State, supra, provides also that one free on bail has the burden to show that he was denied a speedy trial, because of laches on the part of the Court:

"The burden was on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state through its prosecuting officers; otherwise the presumption is that the delay was caused by or with the consent

of the defendant himself, and when on bail he must demand a trial or resist the continuance of the case from term to term."

Petitioner's contention is that he made his demand for a jury trial within sufficient time for the court to have empanelled a jury and initiated the trial.

██ Judge Doyle said in Petitti v. State, 11 Okl.Cr. 234, 145 P. 305:

"The want of time and press of business on the part of the county attorney is not 'good cause to the contrary,' within the meaning of that phrase as used in said section [R.L. 1010 § 6095]."

The section referred to is now Title 22 Okl.St.Ann. § 811, which provides:

"When a person is held to answer for a public offense, if an indictment or information is not filed against him at the next term of court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown."

The authorities uniformly hold that statutes are enacted for the purpose of enforcing the constitutional right, and that they constitute a legislative construction or definition of constitutional provision.

The Sixth Amendment to the Constitution of the United States provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, * * *."

Art. 2, § 6 of the Oklahoma Constitution provides:

"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, delay, or prejudice."

Art. 2, § 20 of the Constitution of the State of Oklahoma, provides:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial * * *."

Title 22 Okl.St.Ann. § 812 provides:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, *unless good cause to the contrary be shown.*" (Emphasis added.)

██ This Court held in Fike v. State, Okl.Cr., 388 P.2d 347, 351 (and we still adhere to the same rule):

"The State is committed to the rule that the burden is upon the defendant to show that the delay in affording the defendant a speedy trial under the above statute, [22 Okl.St.Ann. § 812], was due to laches on the part of the State."

See Stroud v. State, 57 Okl.Cr. 273, 47 P.2d 883; Ex parte Meadows, 71 Okl.Cr. 353, 112 P.2d 419, and others not cited here.

██ It was also said in Fisk v. State, supra, and in other cases:

"As there is no hard and fast rule for determining the question as to what is meant by the term 'unless good cause to the contrary be shown', it becomes a matter for judicial determination *under the facts and circumstances of each particular case.*" (Emphasis supplied.)

██ Referring again to the case of Payne v. State, supra, this Court restated the general rule quoted in Bowes v. State, 7 Okl.Cr. 316, 126 P. 580, as follows:

"In the absence of a proper record affirmatively showing the contrary, the presumption is that the court had continued the case for a presumably lawful cause. The burden was on the defendant, in support of his motion to dismiss, to show that the laches was on the part of the state through its prosecuting officers; otherwise, the presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand a trial or resist the continuance of the case from term to

term. A defendant who has never demanded or been refused trial is not entitled to a discharge under the constitutional provision (article 2, § 20) and the statutory provision (section 6498, Snyder's S.) [Comp.Laws 1909. 22 Okl.St. Ann. § 812]".

In the instant case, petitioner has withstood two trials, both of which have been declared to be "mis-trials". With reference to a mis-trial, we find in 88 C.J.S. Trial § 36(b):

"A mistrial vitiates all proceedings taken in the case up to that time, and in legal effect, is equivalent to no trial at all."

Such being the case, petitioner was in the same position at the time the second mistrial was declared as he was when the information was filed. The second mis-trial occurred on October 13, 1964, and is the date from which the time must be counted in applying the provisions of Title 22 Okl. St.Ann. §§ 811 and 812.

Under these circumstances, the information became effective October 13, or within the July, 1964 term of court. As the record reflects, the petitioner did not make a demand during that term, or the following January, 1965 term. Nor did the State propose to grant him another trial during that July term, or either of the two subsequent full terms of court.

Petitioner filed his written demand for trial on December 1, 1965, the last month of the July term. Failing to receive his trial during December, on January 20, 1966 he filed his motion to dismiss the information. The hearing on his motion was had on March 24, 1966.

Reviewing the pertinent parts of Title 22 Okl.St.Ann. § 812, it reads: "If a defendant * * * is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed * * *."

Considering petitioner's situation since October 13, 1964 he has waited through the balance of the July term, and through two full terms of court, without being tried.

After the information was filed on October 29, 1962, petitioner stood trial during the next following term of court. Subsequent thereto, he was not given his second trial until the third following term of court. During the entire period of time, he was free on bail, but still had a murder charge hanging over him.

Considering now the last part of § 812, we find it reads: "[T]he court must order the prosecution to be dismissed, *unless good cause to the contrary be shown.*" (Emphasis added.) We must therefore answer the question, Did the State show good cause to the contrary?, at the hearing on petitioner's motion to dismiss.

The record of the hearing on the motion to dismiss the information reveals basically three reasons given, as the cause for not placing petitioner on trial during those court terms. In substance they were stated as being:

1. That no attorney in Cherokee County was available to prosecute the charge, because each was disqualified for good reasons.

2. That from the time the second trial was declared a "mis-trial" to the date of this hearing, the county had neither a civil nor criminal jury docket.

3. That there had recently been three other homicides committed in Cherokee County, which the court had considered placing on the same docket with petitioner's trial; but, since the defendants in those cases had to be transferred to the State Hospital for mental observation, the docket was not set. The court went on to explain that such action was contemplated for the ensuing term of court.

As stated before, the sole question presented to this Court is: Has good cause been shown for not granting petitioner a new trial? Likewise, as recited hereinbefore, the answer to that question becomes a matter for judicial determination under

the facts and circumstances of *this particular case.*

■ This Court said in Snow v. Turner, Okl.Cr., 406 P.2d 509, 511:

"It has been said that good cause must be some 'legal reason' or delay caused by operation of the 'rules of law'."

See McLeod v. Graham, 6 Okl.Cr. 197, 118 P. 160.

We might accept the first reason given as being sufficient "legal reason", except for the provisions of Title 74 Okl.St.Ann. § 18d, which provide, among other things:

" * * * Any county attorney desiring the assistance of the Attorney General *in any matter* shall request the Governor for such assistance, and upon receiving the direction of the Governor to render such assistance, the Attorney General shall proceed immediately, compatible with the performance of his own duties to render the assistance." (Emphasis supplied.)

■ The Court specifically pointed out, in the record before this Court, that the Attorney General's assistance was required, in order to accomplish the hearing on petitioner's motion to dismiss. If the prosecution was justified in obtaining the assistance of the Attorney General for this purpose, then that assistance should have been obtained to carry out the directive of the Constitution and the statutes.

We must therefore conclude that the first reason given is not "good cause to the contrary", as expressed in the statute.

■ And insofar as the second reason given for good cause is concerned, we fail to find in either the Constitution of the United States, or of the State of Oklahoma, or in the Statutes, any provision which predicates a speedy trial being given, in the event there are enough cases to justify setting a criminal jury docket. Even in those states in which the right to a speedy trial is declared only by statute, and is not found in the state constitution, the right to a speedy trial has been regarded as a funda-

mental right, and an extreme denial of it may be a denial of due process. In this State, it is both a constitutional right and a statutory right.

■ 21 Am.Jur.2d, § 242, p. 279, Criminal Law, recites the purpose for the right to a speedy trial as follows:

"The right to a speedy trial is intended to avoid oppression and prevent delay in imposing on the courts and on the prosecution an obligation to proceed with reasonable dispatch. It has been said that the basic policy underlying the constitutional guaranty and the statutes enacted to implement it is *to protect the accused from having criminal charges pending against him an undue length of time.*" (Emphasis added.)

The subsequent section of 21 Am.Jur.2d, § 251 provides:

"In determining whether the constitutional right has been accorded, the question is whether the proceedings were free from vexatious, capricious, and oppressive delays created by the ministers of justice. *A defendant's constitutional rights have been denied if he is not brought to trial within such period of time as is reasonable under the circumstances and the delay is due to neglect or laches of the prosecution or of public officers.*" (Emphasis added.)

■ Likewise, we do not accept the third reason given. The right to a speedy trial is not dependent upon sufficient number of defendants being available to stand trial at a particular time, in order to justify the setting of a jury docket. It is solely dependent upon the guaranty of a defendant's constitutional and statutory right. This Court held in Finley v. State, 28 Okl. Cr. 40, 228 P. 1003:

"These constitutional and statutory rights are designed to prevent prosecutions and captious delays in criminal trials, in which the accused, whether innocent or guilty, might be imprisoned or detained under bond indefinitely."

14 Am.Jur. § 134, p. 859, Criminal Law, states:

"But if the trial, by reason of the neglect or laches of the prosecution in preparing for it, is delayed beyond such period, when there is a term of court at which it might be had, such delay is a denial to the defendant of his right to a speedy trial."

In the instant case, there were two full terms of court at which petitioner's third trial might have been had. Laches, as used in the statute fixing the time within which the accused must be tried, consists in the failure on the part of the State to do that *which in justice* it should do in the prosecution of the accused to afford him such a speedy hearing, and determination of the charge against him as is accorded by the Constitution.

It is obvious, in this case, that the county attorney could have requested assistance of the Attorney General to prosecute the charge; and, that the pressure of the county attorney's business was not so overwhelming as to prevent him from taking steps to set the judicial machinery into motion, notwithstanding the fact he was disqualified to prosecute the accused. It also sufficiently appears that the state has failed to show good cause for continuing petitioner's matter from term to term, to overcome the requirements of the law. There is nothing in the record to reflect whether or not the matter was continued on motion of the county attorney, but we are led to believe that it was not. Instead, petitioner's matter has been left suspended in midair for more than a year, since his second trial; and he has been kept wondering how long this black cloak of suspicion might be left hanging over him.

The right to a speedy trial has been zealously guarded by English people since the time King John stamped his seal to the Magna Carta. It is written into the Constitution of the United States, and has been adopted in the bill of rights of this State. A right so sacredly guarded cannot be lightly ignored. It is a right, not a privilege,

and cannot be frittered away by the laches of public officers.

The Kansas State Supreme Court said in State v. Dewey, 73 Kan. 735, 88 P. 881, 882:

"* * * [T]erm continuances were ordered by the court for the reason that there was no jury present. The failure to provide for the attendance of a jury to try causes must, beyond question, be regarded as one of the very things the constitutional guaranty of a speedy trial was designed to meet. If an exception can be written into the statute so that a delay caused by the neglect of official duty is to be considered as a good excuse for failure to bring the accused to trial, the constitutional right could be frittered away indefinitely."

We do not intend, nor do we change the requirements set forth as the general rule, and which this Court has long stated, "that a defendant on bail must demand a trial or resist the continuance of the case from term to term, otherwise the presumption is that the delay was caused by or with the consent of the defendant himself." That is still the rule adopted by this Court.

However, we also adhere to the rule, "In the absence of a proper record affirmatively showing the contrary, the presumption is that the court had continued the case for a presumably lawful cause." In this case, petitioner has provided a proper record, affirmatively showing the contrary which is sufficient to overcome the presumption of lawful cause. And insofar as this matter has become one for *judicial determination,* under the facts and circumstances *of this particular case,* we have no alternative but to conclude that petitioner has been denied his right to a speedy trial, as intended in the Constitution and the Statutes of this State.

Our duty demands that we act in accordance with justice, as directed by the law; and that duty requires that we find that petitioner has sufficiently shown by the record that the writ prayed for should be granted.

It is therefore the order of this Court that the charges pending against John H. Pickle in the district court of Cherokee County, in case No. 2500, be dismissed, and not be refiled.

Writ granted.

NIX, J., concurs.

BUSSEY, P. J., not participating.