## RUBY TAYLOR v. STATE.

No. A-3782.  Opinion Filed June 30, 1922.

(207 Pac. 746.)

(Syllabus.)

1. **Continuance—Defendant's Failure to Prepare Application Within Required Time.** Where the trial court granted defendant's counsel one hour's time in which to prepare an application for a continuance, and counsel failed or refused to prepare the same within the time allowed, and offered no sufficient excuse for not complying with the court's order, the action of the trial court in requiring the case to proceed to trial at the expiration of such time was not prejudicial to defendant's rights in the premises.

2. **Same—That Defendant's Counsel had Matter Pending in Other Court not Sufficient Excuse.** The courts of the state are conducted at great expense to the taxpayers, and it is incumbent upon counsel to assist the court in expediting the business before it; the mere fact that counsel had a matter pending in another court which he deemed more important to attend to was not alone a sufficient excuse for a failure to comply with the court's order granting time to prepare an application for continuance in this case, the time allowed being amply sufficient for that purpose.

3. **Appeal and Error—Judgment on Conflicting Evidence not Reversed.** Where the state's evidence is sufficient, if believed, to sustain a conviction, the judgment will not be reversed although the evidence as a whole may be conflicting.

Appeal from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Ruby Taylor was convicted of grand larceny, and appeals. Affirmed.

Bruce & Brewer, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, J.  On the 15th of October, 1919, the county attorney of Muskogee county filed in the district court of said county an information charging Ruby Taylor with the larceny of $115 in money and one watch and one pair of cuff

buttons of the value of $10 from the person of W. E. Edwards. Said crime was alleged to have been committed on the 1st day of October, 1919. Thereafter, on the 3d day of November, 1919, defendant was arraigned in open court, and entered her plea of not guilty to the charge, and the cause was set for trial for the 17th, day of November, 1919.

Thereafter, on the 17th day of November, 1919, said cause was called for trial, and the state announced ready for trial, and the defendant announced not ready because of the absence of certain witnesses. Thereupon the court allowed the defendant one hour's time in which to make a showing for a continuance on account of the absence of said witnesses, or else prepare for trial. At the conclusion of said recess the cause was again called for trial, and the state again announced ready and the defendant not ready, for the reason that defendant had not had sufficient time in which to prepare an application for continuance on account of the absence of certain witnesses. The court refused to grant the defendant further time in which to prepare an application for a continuance, impaneled a jury, and the cause proceeded to trial. resulting in a verdict of guilty and the assessment of one year's imprisonment in the state penitentiary against the defendant.

It is here urged that the action of the trial court in requiring the defendant to proceed to trial after the recess of one hour was prejudicially erroneous to the defendant, and should result in a reversal of this judgment.

The only excuse given by counsel for defendant for not preparing an application for continuance was that counsel had a cause pending in the superior court of that county, in which counsel were required to get another defendant into that court by 11 o'clock of that morning in order to save a forfeiture on an appearance bond, and for that reason counsel

was compelled to neglect the preparation of an application for a continuance in this case.

The granting of one hour's time in which to prepare the application for a continuance was sufficient. The blame, if any, rests upon counsel for defendant in not preparing the application within the reasonable time allowed by the court. The courts of this state are conducted at great expense to the taxpayers, and it is incumbent upon counsel to assist the court in expediting the business before the court, and the mere fact that counsel had a matter pending in another court which he deemed more important to look after than the one in the instant case was not a sufficient excuse for further delaying the trial of this cause. It cannot, therefore, be said that there was any abuse of discretion on the part of the trial judge in refusing a further recess for the purpose of enabling counsel to prepare an application for a continuance.

It is also contended that the evidence is insufficient to sustain a conviction. The evidence is conflicting, but the evidence on the part of the prosecuting witness, if believed, is amply sufficient to sustain a conviction. The record in this case tends to show that the prosecuting witness, a farmer from a neighboring county, went to Muskogee to attend the state fair, taking quite a sum of money with him for the purpose of purchasing a new set of harness, in addition to sufficient funds to pay his expenses while attending the fair; that he fell into the company of the defendant and others with her, who knew he had this money upon his person, and proceeded to steal it, after taking numerous drinks of whisky with the prosecuting witness.

The defendant had a fair and impartial trial, and the verdict and judgment is warranted by the evidence. The alleged errors complained of are without merit.

The judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.