## J. E. OSWALT v. STATE.

No. A-7873. Opinion Filed June 6, 1931.
Rehearing Denied July 28, 1931.
(1 Pac. [2d] 793.) ·

Ben F. Williams and Homer Cowan, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of McClain county on a charge of selling intoxicating liquor, and he was sentenced to pay a fine of $150 and to serve 90 days in the county jail.

The first contention is that the court erred in overruling the motion to quash the information. This motion was based on the claimed invalidity of the warrant of arrest. It was not filed until after a demurrer to the information had been overruled and does not set up any of the grounds for quashing an information, as required by section 2597, Comp. St. 1921. The purpose of a warrant is to give the court issuing it jurisdiction of the person of the accused named therein. If it is invalid, it should be challenged by a motion to quash or set aside, and this question must be raised at the first opportunity, otherwise it is waived. State v. Fitzgerald, 51 Minn.

534, 53 N. W. 799; Keeler v. State, 24 Okla. Cr. 206, 217 Pac. 228; Morrison v. State, 31 Okla. Cr. 11, 236 Pac. 901.

It is further argued that the court erred in overruling defendant's motion and supplemental motion for a continuance. The motion sets out, in substance, that the leading counsel for defendant is engaged in the federal court and has not had time to give the matter his attention. The case, however, was well tried by other counsel, and the question is covered by the holding of this court in the cases of Taylor v. State, 21 Okla. Cr. 351, 207 Pac. 746; Coffey v. State, 38 Okla. Cr. 91, 258 Pac. 923. The supplemental motion sets out the absence of a witness Owens, who lives eight miles from Purcell. A subpoena was issued for this witness and he did not appear. The court offered to issue an attachment for the witness, but defendant declined to have same done. Where a witness has been subpoenaed and his absence is not explained, defendant should apply for an attachment to issue for the witness, and, unless he does so, he is not entitled to a continuance on account of his absence. McCarter v. State, 14 Okla. Cr. 305, 170 Pac. 712.

There are some other matters argued in the briefs, which have not been overlooked, but none of them are of sufficient importance to require special discussion. We are satisfied that defendant was fairly tried, and that the record is free from prejudicial error.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.