## JIMMIE STROUD v. STATE.

No. A-8865.   July 19, 1935.
(47 Pac. [2d] 883.)

Laynie W. Harrod and Wright & Wright, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, herein-

after referred to as the defendant, was convicted of the larceny of an automobile and sentenced to serve a term of five years in the penitentiary.

On the night of the 21st of September, 1933, Frank C. Hawk was at the Wesley Hospital on Twelfth street, in Oklahoma City, Okla., visiting his wife, who was a patient in the hospital; he parked his car near the hospital and about nine o'clock, when he came out he discovered his car was gone; he reported the missing car to the police, giving the number of the license tag and the motor.

Webb Campbell, testifying for the state, stated on September 21, 1933:

"I was a member of the police department, and was on duty driving a scout car; Douglas Gates, now deceased, was with me; we heard the report from the police department relative to the automobile that had been stolen, a 1927 Buick coupe; after we heard this report we were driving north on Central avenue, and just as we crossed 4th Street we saw a colored man park a car on the west side of the street about fifty feet north of the intersection; we passed slightly by the car and turned in an alley and started toward the car that we had seen the colored man park; the colored man had gotten out of the car and started west, when he saw us coming he ran; I jumped out of the car; about 100 feet west of Fourth street and Central there is an apartment house and this colored man ran into the east side of the apartment house; there is a board fence about four and a half feet high that runs along the east side; when I got to the fence I saw him running back out the front way; I went from where I was back down Central a block where I caught him; I know it was a colored man driving the car; I never lost sight of this man after I saw him park the car until he jumped out and started to run; he was the same man that I saw in the automobile parking when I first saw him, and is the same darky I chased all

the time from the time he started to run until I arrested him."

W. J. Starey, testifying for the state, stated:

"I was Lieutenant of the Stolen Car Department of Oklahoma City Police during the month of September, 1933; was on duty the evening of the 21st; a Buick coupe was reported stolen, the tag number was 62,706. The car was stolen from the 300 block on West 12th Street; it was recovered the same night by officers Campbell and Gates. We broadcasted a full description of the car that was stolen."

The defendant called several witnesses who testified to having seen him at different places in the city the evening of the alleged larceny of the car, and different places where he worked, for the purpose of proving an alibi.

The defendant, testifying in his own behalf, stated:

"I have been convicted of a felony and served a term in the penitentiary; I did not steal the Hawks automobile; the evening of the alleged larceny I worked for Mr. Harrell in the 200 block on 14th Street; saw Mr. Hewitt, he is the man I worked for; I went to work about 4:30 and quit at 7:30; they paid me for the work and from there I went to my brother Alonzo's; we left my brother's about eight o'clock if I am not mistaken and went to Broadway, transferred at 4th and Broadway and caught an east 4th street car."

The foregoing is all the testimony it is deemed necessary to state.

The defendant has assigned several errors alleged to have been committed by the trial court, but has filed no brief in support of his assignments. The first one to be considered will be the third assignment, which is a motion of the defendant to dismiss the case for failure of the state

to give the plaintiff in error a speedy trial, which is guaranteed to him by the Constitution of the state of Oklahoma, insisting they permitted three terms to expire before giving him a trial.

Section 2872, O. S. 1931, provides:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

Under the statute the next term of court means the next regular term, and not special terms held for special cases. State ex rel. Eubanks v. Cole, 4 Okla. Cr. 25, 109 Pac. 736.

The burden is on the defendant to prove that the trial had not been postponed upon his application. Parker v. State, 7 Okla. Cr. 238, 122 Pac. 1116, 124 P. 80.

Where the accused moves to dismiss the prosecution for failure to bring the prisoner to trial at the next term of court after which it is triable under the provisions of section 2872, O. S. 1931, the burden is on him to show that the failure to bring the case to trial was the fault of the prosecuting officers. If he is on bail, it must be shown that he made demand for trial or resisted the continuance; otherwise he is not entitled to be discharged because of failure to prosecute. Griffith v. State, 36 Okla. Cr. 322, 254 Pac. 112; State ex rel. Davis v. Bayless, District Judge, 38 Okla. Cr. 129, 259 Pac. 606.

The record in this case clearly shows the defendant was on bond during the pendency of his case and before the trial, and that no demand was made on the state for a trial.

The motion of the defendant to dismiss was properly over-ruled.

The next question to be considered is the question of the sufficiency of the evidence. There is a clear conflict in the evidence. This court has repeatedly held:

"Where the evidence and the reasonable and logical inferences and deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the guilt of a defendant, this court will not disturb the verdict for insufficiency." Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352; Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738.

"Where the state's evidence is sufficient, if believed, to sustain a conviction, the judgment will not be reversed although the evidence * * * may be conflicting." Taylor v. State, 21 Okla. Cr. 351, 207 Pac. 746.

The evidence is sufficient to sustain the judgment. The other errors complained of are without merit. Finding no errors in the record warranting a reversal, the judgment is affirmed.

EDWARDS and DOYLE, JJ., concur.