Robert G. COGGINS, Petitioner,

v.

Hon. Joe D. SHUMATE, District Judge,
Garvin County, Oklahoma, Respondents.

No. A–13680.

Court of Criminal Appeals of Oklahoma.

May 12, 1965.

Walter D. Hart, Pauls Valley, for petitioner.

Max H. Scarce, Asst. County Atty., for respondent.

NIX, Judge:

This is an original proceedings filed by the petitioner, Robert G. Coggins, for a Writ of Mandamus directed at the Honorable Joe D. Shumate, Judge of the District Court of Garvin County, Oklahoma, to dismiss cause No. 3256 pending against him. He alleges that his Constitutional guarantee of a 'speedy trial' has been violated, and he is therefore entitled to release.

Petitioner was arrested on February 27, 1965, and a complaint charging him with Burglary Second Degree was filed on March 5, 1965. Preliminary hearing was held on the same day at which time Bond was set, and demand for a speedy trial was made. Petitioner was bound over to District Court, and information was filed therein on March 11, 1965, at which time he was arraigned. On March 15, 1965, defendant again demanded a speedy trial; withdrew his plea of not guilty; and presented to the District Court a Motion to Quash and Suppress Evidence. The trial court took the Motion under advisement until March 24, 1965. (A jury docket began on March 15, and was dismissed on March 24 because there were no more cases to be tried.) On that day, the trial court overruled the Motion, and petitioner re-entered his plea of Not Guilty; Bond was re-set; and petitioner again demanded a speedy trial. The County Attorney asked for a continuance, as they were not ready to go to trial immediately, stating that all of the evidence had not been accumulated. This was granted by the trial court.

On April 8, 1965, petitioner filed Motion to Dismiss in said District Court because he had been denied a speedy trial. Said Motion was overruled, from which he has filed his petition in this Court seeking relief.

Title 22, O.S.A., § 812, reads:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." (Art. 2, § 20).

This constitutional guarantee of a 'speedy trial' is intended to prevent the oppression of a citizen by delaying criminal prosecution for an indefinite time and to prevent delays in administration of justice by requiring judicial tribunals to proceed with reasonable dispatch in trial of criminal prosecutions.

Generally speaking, a 'speedy trial' is one conducted according to prevailing rules, regulations, and proceedings of law free from arbitrary, vexatious and oppressive delays. The right does not require a trial immediately upon arrest, or the filing of an indictment or information; but requires that the trial be had as soon as reasonably possible, within the statutory requirements, without depriving the prosecution of a reasonable time to prepare for trial.

In the instant case, less than a month had passed from the time of arrest until the

trial court overruled the Motion to Quash filed by the petitioner.

Inasmuch as the petitioner had withdrawn his plea of not guilty on March 15, and did not re-enter same until March 24, the cause could not have been heard on the March jury session as he was not formally arraigned until he re-entered his plea.

However, this is not the main issue, as our Statutes clearly define the terms of court in each court in the State. Title 20, O.S.A., § 95, reads:

> "Two regular terms of the District Court shall be held each year in each county of this state. The time of commencing or convening these two regular terms in each county shall be on the first Monday in January and the first Monday in July in each year. Each regular term shall commence and convene by operation of law at the time herein fixed without any act, order, or formal opening by the judge or other official thereof, and shall continue and be open at all times until and including the day preceding the next regular term, on which day it shall expire and adjourn sine die by operation of law."

Petitioner was charged in the January, 1965 term of court, which has not as yet expired. The 'next term of court' would be starting in July, 1965; and ending the first Monday in January, 1966.

Therefore, until this 'next term of court' had passed, petitioner would not be entitled to discharge under Title 22, § 812, supra. (Or until after the first Monday in January, 1966).

This Court held in a very early case, State ex rel. Eubanks v. Cole, 4 Okl.Cr. 25, 109 P. 736:

> "The 'next term of court,' within the meaning of section 7047, Snyder's St., refers to and means the next regular term of the court, as distinguished from a special term held for a special purpose."

And, in Stroud v. State, 57 Okl.Cr. 273, 47 P.2d 883:

> "Under the statute the next term of court means the next regular term and not special terms held for special cases."

Under the rulings of this Court, and the Statutes cited, it is the opinion of this Court that petitioner's application is not timely filed, and therefore, the Writ of Mandamus is hereby denied.

BUSSEY, P. J., and BRETT, J., concur.