Leon HARGE, Petitioner,

v.

Bob TURNER, Sheriff of Oklahoma County, Oklahoma, and the State of Oklahoma, Respondents.

No. A-13720.

Court of Criminal Appeals of Oklahoma.

July 28, 1965.

James Harrod, Oklahoma City, for petitioner.

Sam Moore, Asst. Oklahoma County Atty., Oklahoma City, for respondents.

BUSSEY, Presiding Judge.

This is an original proceeding filed by the petitioner, Leon Harge, for a Writ of Habeas Corpus in which he seeks his release from confinement in the Oklahoma County Jail, alleging that he has been denied his constitutional right to a speedy trial.

Petitioner was charged in the justice of the peace court in the early part of May, 1965, with the crime of Concealing Stolen Property; was given a preliminary hearing and bound over to District Court. Bond was set at $1000.00. Petitioner demanded an immediate trial, alleging he was unable to set bond, and the District Judge set the case for trial on June 21, 1965.

On June 14, 1965, the County Attorney presented an application to the District Court to dismiss said cause, alleging a former conviction of a felony. Cause was re-filed in justice of the peace court, and requested a preliminary hearing be set for July 15, 1965. (Petitioner alleging that this is a period of time in which they do not have jury trials in Oklahoma County.) Bond was set on the new charge in the amount of $7500.00, which petitioner is also unable to post.

Petitioner further alleges he knew nothing of cause No. 30852 being dismissed, until June 21, 1965 when he appeared ready for trial. Petitioner further alleges that the action of the County Attorney in dismissing said cause, re-filing the After Former Conviction of a Felony, setting the preliminary for July 15, 1965; and fixing his bond at $7500.00 making it impossible to have a speedy trial, and forcing him to stay in jail until the September, 1965 term of court is in violation of the law and of his rights as provided by the Constitution of the United States and the State of Oklahoma, and he asks this Court to discharge him from confinement.

Title 22, O.S.A., § 812, reads:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." (Art. 2, § 20)

This constitutional guarantee of a 'speedy trial' is intended to prevent the oppression of a citizen by delaying criminal prosecution for an indefinite time and to prevent delays in administration of justice by requiring judicial tribunals to proceed with reasonable dispatch in trial of criminal prosecutions.

Generally speaking, a 'speedy trial' is one conducted according to prevailing rules, regulations, and proceedings of law free from arbitrary, vexatious and oppressive delays. The right does not require a trial immediately upon arrest, or the filing of an indictment or information; but requires that the trial be had as soon as reasonably possible, within the statutory requirements, without depriving the prosecution of a reasonable time to prepare for trial.

Our statutes clearly define the terms of court in each court in the State. Title 20, O.S.A., § 95, reads:

"Two regular terms of the District Court shall be held each year in each county of this state. The time of commencing or convening these two regular terms in each county shall be on the first Monday in January and the first Monday in July in each year. Each regular term shall commence and convene by operation of law at the time herein fixed without any act, order, or formal opening by the judge or other official thereof, and shall continue to be open at all times until and including the day preceding the next regular term, on which day it shall expire and adjourn sine die by operation of law."

Petitioner was charged in the January, 1965 term of court. The *'next term of court'* would be starting in July, 1965; and ending the first Monday in January, 1966.

 Therefore, until this 'next term of court' *had passed,* petitioner would not be entitled to discharge under Title 22, § 812, supra. (Or until after the first Monday in January, 1966.)

█ This Court held in a very early case, State ex rel. Eubanks v. Cole, 4 Okl. Cr. 25, 109 P. 736:

"The 'next term of court' within the meaning of section 7047, Snyder's St., refers to and means the next regular term of the court, as distinguished from a special term held for a special purpose."

And, in Stroud v. State, 57 Okl.Cr. 273, 47 P.2d 883:

"Under the statute the next term of court means the next regular term and not special terms held for special cases."

█ In the instant case, since the petitioner would have waived preliminary hearing, the information could have been amended, and they could have proceeded to trial that day. However, it was not error to re-file the charge in the manner followed herein.

Under the recent ruling of Coggins v. State, Okl.Cr., 401 P.2d 995, handed down May 12, 1965; and the Statutes and cases cited above, it is the opinion of this Court that petitioner's application is not timely filed, and therefore, the petition for Writ of Habeas Corpus is hereby denied.

BRETT, J., concurs.

NIX, J., not participating.