### Ex parte W. A. MUNGER.

No. A-5486. Opinion Filed March 18, 1925.
(234 Pac. 219.)

(Syllabus.)

1. **Time of Trial—Legal Right to Speedy and Impartial Trial by a Jury.** Every person held on a criminal charge has the legal right to demand a speedy and impartial trial by jury.

2. **Same—Constitutional Requirement of "Speedy Trial" Construed.** A "speedy trial" within the meaning of the constitutional provision (article 2, § 20), means a trial before the end of the second term of court after indictment found or information filed, unless the delay shall happen on defendant's application (Comp. Stats. 1921, § 2913). Any delay caused by the operation of rules of law does not work prejudice to the constitutional right of the accused in that regard.

3. **Same—Delay in Trial Caused by Discharge of Jury Because of Exhaustion of Court Funds not Violation of Constitutional Right to Speedy Trial.** In this case an information charging robbery

by the use of firearms was filed December 31, 1924; the cause was at the February term set for trial March 6, 1925; February 26th the jury was discharged because the court funds had become exhausted; March 7, 1925, defendant filed motion to dismiss the prosecution on the ground that he was denied his constitutional right to a speedy trial. Held, that the motion to dismiss was properly overruled; that petitioner's constitutional right to a speedy trial was not violated, in that the February term will not expire until the first Monday in October, 1925.

Application of W. A. Munger for writ of habeas corpus to W. F. Gillespey, Sheriff of Nowata County. Writ denied.

C. F. Gowdy, for petitioner.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for respondent.

DOYLE, J. As cause for granting the writ the petitioner alleges that he is unlawfully restrained and illegally deprived of his liberty by W. F. Gillespey, sheriff of Nowata county; that the cause of petitioner's said restraint and detention is that by information filed in the district court of Nowata county, December 31, 1924, petitioner W. A. Munger and Leonard Mayfield were jointly charged with the commission of robbery with firearms alleged to have been committed in said county November 30, 1924; that he is not guilty of the charge for which he is being held; that he was arrested on the 12th day of December, 1924, in Kansas City, Mo., and voluntarily, without requisition, came to Oklahoma, where he expected to be given a speedy trial; that on the 13th day of February, 1925, his case was set for trial on March 6, 1925; that on the 26th day of February the said assignment, without his knowledge and without his consent, was stricken; that over the objections of petitioner the jury which was in attendance in said court and before whom this defendant was to be tried under the assignment made February 13th was discharged, and no other jury has been

called, and the court had no intention of calling another jury before whom this petitioner can be tried within a reasonable length of time; that he is away from home and among strangers, and is unable to make bond, and without trial this defendant has been confined in jail since December 12, 1924, and will be required to remain in jail until released—all of which is unlawful and unconstitutional.

That on the 7th day of March, 1925, he applied to the district court of Nowata county with a motion that he be discharged, and the court, after hearing the evidence and being fully advised in the premises, found that petitioner is not entitled to his discharge, but the court made a finding of facts so that the matter could be reviewed by the criminal Court of Appeals. A certified copy of the findings by the judge of said district court is hereto attached and submitted in support of this petition.

The findings of fact by the district court of Nowata county are substantially the same as alleged in the petition.

The court further finds that on February 26, 1925, the jury in said district court was finally discharged, because the funds for holding such court had become exhausted; that no more funds will be available for the holding of a jury term of court in said county until after July, 1925, unless the excise board shall provide additional funds, and, so far as this court knows or has been informed, no effort has been made to procure additional funds; that no witnesses were subpoenaed in any criminal cases set for trial March 6th, including the case of the defendant, Munger.

The Attorney General interposed a demurrer to the petition on the ground that the facts stated do not entitle petitioner to the relief prayed for.

It is the policy of the law that persons charged with crime shall have a speedy, as well as a fair and impartial trial. To that end it is provided in the Bill of Rights that—

> "Right and justice shall be administered without sale, denial, delay, or prejudice." Const. art. 2, § 6.

And further that—

> "In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed." Const. art. 2, § 20.

Our procedure criminal provides:

> "If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." Section 2913, Comp. Stats. 1921.

Two regular terms of the district court are required by law to be held each year in Nowata county; one beginning on the first Monday in February, and one beginning on the first Monday of October.

The provision of procedure criminal above quoted is intended as a legislative declaration of what is and of what is not a reasonable and proper delay in bringing an accused person to trial in respect to his constitutional rights aforesaid.

The authorities uniformly hold that such statutes are enacted for the purpose of enforcing the constitutional right to a speedy trial, and that they constitute a legislative construction or definition of the constitutional provision. Ex rel. Eubanks v. Cale, 4 Okla. Cr. 25, 109 P. 736.

By this provision of the Code of Criminal Procedure an absolute right is conferred upon a defendant indicted for or charged by information with a public offense, whose trial has not been postponed upon his application to have the case dismissed, unless tried before the end of the second term of the court after indictment found or information filed, unless good cause to the contrary be shown.

The statute is for the purpose of carrying into effect the constitutional guaranty of a speedy trial. Here there was no laches or delays on the part of the state in the spirit and intention of the statute, because the present term of court in Nowata county does not expire until the first Monday in October, this year; this being the next term of court following the filing of the information in this case.

Upon the record before us no sufficient cause is shown for the issuing of the writ, and it is denied.

BESSEY, P. J., and EDWARDS, J., concur.