### Ex parte JOHN MENNER.

No. A-6434. Opinion Filed Nov. 13, 1926.
(250 Pac. 541.)

Warren & Warren, for petitioner.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. This is an application by John Menner to this court for a writ of habeas corpus directed to the sheriff of Choctaw county, in which it is averred that respondent, illegally and without authority so to do, imprisoned petitioner in the county jail of Choctaw county and continues to so confine him.

As showing the illegality of such confinement, it is averred:

"That on the 26th day of February, 1926, he was held to await prosecution at the next term of the district court of Choctaw county for the crime of assault with intent to kill; that the next term of the district court convened Monday, March 1st, and adjourned on the — day of March, and the jury was discharged at that time; that no information was filed against

him before the beginning of the March term, nor was any filed against him during that term, and no proceedings were commenced against him until the 21st day of September, 1926, when the county attorney filed an information against him; that on March 4, 1926, the opening day of the October term of said court, he was called upon for arraignment and to plead; that before the trial of said cause, he filed his motion to dismiss said cause, because of the delay in the prosecution * * * (a copy of which motion is hereto attached and made a part hereof); that the facts stated in the motion to dismiss were by the court and county attorney admitted to be true."

Thereupon the court overruled his motion to dismiss, and, upon trial, he was convicted of the crime of assault with intent to kill.

The verified motion sets forth the facts as above stated, and it concludes as follows:

"That thereby the defendant has been deprived of a speedy trial; that the defendant has had no opportunity to demand a trial at the March, 1926, term, for the reason that no information was filed during that term of court or before that term of court, and no opportunity given this defendant to demand a trial."

It appears that, upon the return of a verdict of guilty, he surrendered to the sheriff and is held in custody pending judgment on the verdict.

The Attorney General filed a demurrer to said petition on the ground that the same does not state facts sufficient to authorize respondent to release said petitioner, or to entitle said petitioner to a discharge from the imprisonment of which he complains.

The petition does not state the time the committing magistrate filed his transcript of the preliminary with the court clerk, nor does it state just when pe-

titioner was convicted in said district court, nor does it state the date which has been set for judgment and sentence upon the verdict returned in said cause; it is contended that petitioner's restraint is illegal for the reason that he had a preliminary examination on the 26th day of February, 1926, and was held to answer at that time, and petitioner contends that because he was not tried at the March term, 1926, of the district court of Choctaw county, he is entitled to his discharge, under section 2912, C. S. 1921, which provides:

"When a person has been held to answer for a public offense, if an indictment or information is not filed against him at the next term of court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

This court will take judicial notice that the time of convening of the regular terms of court in Choctaw county shall be on the first Mondays of March and October each year. Comp. St. 1921, § 3072, District No. 27.

This court will also take judicial notice that the 26th day of February, 1926, fell upon Friday, so that there was only one court day intervening between the date upon which petitioner was held to answer and the first day of the March term of said district court.

Section 2497 provides, in substance, that if it appears from the examination that any public offense has been committed, and that there is sufficient cause to believe defendant guilty thereof, the magistrate shall order the defendant held to answer the same.

Section 2509 provides that whenever the defendant is held to answer, the magistrate "must return immediately to the clerk of the district court of the

county the warrant, if any, the complaint, the depositions, if any have been taken, of all the witnesses examined before him, the statement of the defendant, if he has made one, and all undertakings of bail or for the appearance of witnesses taken by him, together with a certified record of the proceedings as they appear on his docket."

The statute does not attempt to define the word "immediately". Ordinarily, as used in this connection, the word would mean "within a reasonable time, with due diligence, under the circumstances of the particular case, and without unnecessary delay."

It is not shown in the petition or the motion to dismiss that there was any unnecessary or unreasonable delay on the part of the magistrate in the filing of the transcript of the proceedings. It affirmatively appears therein that the county attorney filed an information in the district court on the 21st day of September, 1926, which was before the beginning of the October term and was during the March term, 1926, the same being the next term of court following. It also appears that the jury for said March term had been discharged before the information was filed.

Our Code of Criminal Procedure (section 2913, Comp. St. 1921) further provides:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

The Constitution guarantees a speedy and public trial to the accused in all criminal prosecutions. Section 20, Bill of Rights, Const. The statutes above quoted constitute a legislative construction or definition of

the constitutional provision. State ex rel. Eubanks v. Cole, 4 Okla. Cr. 25, 109 P. 736, and Culver v. State, 11 Okla. Cr. 4, 141 P. 26.

It may be well for us to say here that, under section 2915, Comp. St. 1921, the only effect of a dismissal, as provided for in the sections quoted, is that the defendant must, if in custody, be discharged therefrom, or, if admitted to bail, his bail is exonerated. It is expressly provided by section 2918 that an order for the dismissal of the action in such cases is not a bar to any other prosecution for the same offense.

Upon the record before us, it affirmatively appears that sections 2912 and 2913 were complied with and that petitioner is not entitled to be discharged, nor to have the prosecution dismissed.

The demurrer to the petition is therefore sustained, and the writ denied.

BESSEY, P. J., and EDWARDS, J., concur.