REX CLINKENBEARD v. STATE.

No. A-6155.   Opinion Filed May 12, 1928.
(267 Pac. 485.)

C. H. Wyand, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of selling one-half gallon of whisky to one Ike Lewis, and sentenced to imprisonment in the jail for 40 days and to pay a fine of $50. Motion for new trial was filed and overruled and exceptions saved, and defendant has appealed to this court.

The information in this case was filed on the 29th day of August, 1924, and the case was not called for trial until the 1st day of December, 1925. The record discloses that on November 30, 1925, the defendant appeared in court and filed his motion to dismiss the cause for the following reason: That more than four terms of the court have elapsed since this cause was filed in the above-named court; that is to say, that the information was filed in said court on August 29, 1924, and since the filing thereof there has been the October, 1924, term of court, the January, 1925, the April, 1925, term, and July, 1925, term of said court, and that said cause was continued over from term to term without the consent of this defendant. The motion of the defendant to dismiss was overruled by the court, and defendant excepted.

On the 1st day of December, 1925, the case was called for trial, and the trial proceeded and resulted in a conviction of the defendant. It is urged by the defendant that the court erred in overruling the motion to dismiss the case, for the reason that more than four terms of court have elapsed since the information had been filed against the defendant, and the continuing of the case from term to term was made over his objection and without his consent. The state did not attempt to show any reason why the case had not been called for trial, and the question this court has to consider is, Should the motion of the defendant to dismiss have been sustained?

Section 2913, C. O. S. 1921, is as follows:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

In Culver v. State, 11 Okla. Cr. 4, 141 P. 26, in which this question was involved, the court after quoting section 6096, Revised Laws 1910, which is the same as section 2913, C. O. S. 1921, said:

"We are inclined to think that the action of the court in continuing the case over the May term without requiring the state to show cause operated as a discontinuance. Where no valid reason exists, or legal ground is shown by the state for the continuance, the granting of the same is a matter within the sound discretion of the court."

Further on the court said:

"A defendant indicted for, or charged by information with, a public offense, whose trial has not been postponed upon his application, is entitled to his discharge for failure to try his case within the statutory

time, in the absence of any good reason for further delay. The statute is for the purpose of carrying into effect the constitutional guaranty of a speedy trial." McLeod v. Graham, 6 Okla. Cr. 197, 118 P. 160.

In Smith v. State, 27 Okla. Cr. 294, 227 P. 901, in the first paragraph of the syllabus, in discussing the provisions of section 2913, the court says:

"It is enough for the accused to show that the time fixed by the statute, after information filed, has expired, and that the cause was not postponed on his application."

If there was any cause for holding him for a longer time without trial, it was for the prosecution to show it. In this case the motion of the defendant shows the date of the filing of the information and the date of the terms of court that had passed after the information was filed before his case was called for trial. The state did not controvert the allegations of his motion to dismiss, or make any effort to do so. It was therefore error to deny defendant's motion to dismiss.

There are other errors assigned by the defendant, but in the view we take of the record we do not deem it necessary to consider them. It follows that the judgment should be reversed, with directions to discharge defendant.

DOYLE, P. J., and EDWARDS, J., concur.