J. H. HARRELL v. STATE.

No. A-7066. Opinion Filed Dec. 29, 1928.
(272 Pac. 1038.)

Sigler & Jackson and Champion, Champion & Fischl, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of selling whisky to one Bob Key, and sentenced to imprisonment in the county jail for 60 days and to pay a fine of $100. Motion for new trial was filed and overruled, exceptions saved, and defendant has appealed to this court.

The record in this case discloses that the defendant was indicted by a grand jury of the district court of Carter county. On the 1st day of November, 1926, the county attorney asked to have the case transferred to the county court, on the ground the indictment charged an offense of which the district court had no jurisdiction, and which offense charged in the indictment is within the jurisdiction of the county court of Carter county. An order of transfer was entered by the district court, and on December 1, 1926, the transcript was filed in the county court and the case was assigned for trial January 12, 1927; the defendant filed a motion to quash the indictment; on account of illness of the court, the motion was passed for the term and assigned for trial May 10, 1927, at which time the motion to quash the indictment was overruled. The state was not ready to go to trial, and asked that the case be continued for the term. The defendant announced ready for trial, and objected to the continuance. Defendant's objection was overruled, and the case was continued for the term. No term of the county court was held in July, 1927, and the case was reset for the first Monday in October, 1927, at which time the county attorney again asked for a continuance, to which the defendant objected, and his objection was overruled, and defendant excepted. The case was again assigned for trial at the January, 1928, term, for January 23, 1928. On January 23, 1928, over the objection of the defendant the case was passed until Janu-

ary 28, 1928. On January 28, 1928, the county attorney asked that this case be continued, or asked that the case be passed to a later day within the term, for the reason that the state witness could not be found; the continuance was granted, over the objection of the defendant, who at the time demanded a trial.

Over the objection of the defendant, the case was continued until the 31st day of March, 1928. March 31, 1928, was the last day of the January term of court. The case was not taken up for trial on that date, and was not called for trial until the 23d day of April, which was a day of the regular April, 1928, term of court. The defendant filed a motion to dismiss the case, for the reason that the record showed that the case was not brought to trial at the next term of court in which the indictment or information was triable after it was filed, and that the case was not postponed upon defendant's application, or with his consent. In overruling defendant's motion to dismiss, the court made a finding showing that all the said continuances were over defendant's protest and objections, and that the defendant was present each time and in open court demanded a trial. To the overruling of his motion to dismiss, defendant duly excepted.

On the 23d day of April, 1928, the case was called for trial, and the trial proceeded and resulted in a conviction of the defendant.

We will first consider the fourth assignment of error, which is as follows: "That the court erred in overruling the defendant's motion to dismiss the case."

It is urged by the defendant that the court erred in overruling his motion to dismiss the case, for the reason that the case was not brought to trial at the next term of court in which the indictment was triable after it was filed; that more than four terms of court had elapsed since the indictment was returned against him, and filed in the county court, and the continuance of the case from term to

term was made over the objection of the defendant and without his consent.

The question this court has to consider is the question, Should the motion of the defendant to dismiss have been sustained? Section 2913, C. O. S. 1921, is as follows: "If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable, after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

In Parker v. State, 7 Okla. Cr. 238, 122 P. 1116, this court said: "Where a defendant wishes to avail himself of the provisions of our statute above quoted, he must demand a trial and object to a postponement or continuance of the case. If he does not do this, he will be held in law to have waived his right to demand a dismissal of the case on the ground of such postponements. Where he does this, the burden is then on the state to prove that good cause existed for the postponements complained of."

In this case the court made a finding and entered an order showing that at each of the terms of court, when the state asked for a continuance, the defendant objected and demanded a trial.

In Clinkenbeard v. State, 40 Okla. Cr. 113, 267 P. 485, this court, in passing upon a similar question, held that, when the defendant had shown that the time fixed by the statute after the indictment filed had expired, and the case was not postponed on defendant's application, if there was any cause for holding the defendant longer without trial, it was for the prosecution to show it. In this case, the motion of the defendant shows the date of the filing of the indictment, and the date of the terms of court that had passed after the indictment was filed before this case was called for trial. The state did not controvert the allegations of his motion to dismiss, or make any effort to do so. It

was therefore error to deny the defendant's motion to dismiss.

There are other errors assigned by the defendant, but in the view we take of the record we do not deem it necessary to consider them.

The judgment is reversed, with directions to discharge the defendant.

DOYLE, P. J., and EDWARDS, J., concur.