## Ex parte ED LEATHERS.

No. A-9510. May 5, 1939.
(90 P. 2d 450.)

J. F. Boettcher, of Oklahoma City, for petitioner.

Lewis R. Morris, Co. Atty., of Oklahoma City, for respondent.

DOYLE, P. J. Petitioner, Ed Leathers, filed in this court on May 9, 1938, his petition for writ of habeas corpus, alleging that he is unlawfully held and illegally restrained of his liberty by the sheriff of Oklahoma county, upon an order of commitment to the common jail of Oklahoma county, issued March 3, 1938, by Carl Traub, a justice of the peace in and for Oklahoma City district, under the provisions of article 6, ch. 17, section 2707 et seq., Procedure Criminal, entitled, "Security to Keep the Peace." 22 Okla. St. Ann. § 41 et seq.

It appears from the petition that upon February 17, 1938, application for peace bond, charging Ed Leathers with threatening to kill and do great bodily harm to Annabelle Leathers, was filed in said justice court of Carl Traub; that thereafter and on March 3, 1938, petitioner having been apprehended, was arraigned, entered his plea of not guilty and bond was set at $200, petitioner was committed to jail in lieu of bond. On March 11, 1938, petitioner was

tried in said justice court, found guilty and placed under a peace bond in the sum of $500, which he failed to make. On May 3, 1938, petitioner filed in this cause application for writ of habeas corpus in the district court of Oklahoma county, alleging that he was being unlawfully restrained of his liberty; a hearing was had on this application and on May 9, 1938, the application for writ of habeas corpus was denied.

Section 2711 of said article 6, 22 Okla. St. Ann. § 45, provides:

"If, however, there be just reason to fear the commission of the offense the person complained of may be required to enter into an undertaking in such sum, not exceeding one thousand dollars, as the magistrate may direct, with one or more sufficient sureties, to abide the order of the next district court of the county, and in the meantime to keep the peace toward the people of this state, and particularly toward the complainant."

Section 2712, 22 Okla. St. Ann. § 46, provides:

"If the undertaking required by the last section be given the party complained of must be discharged. If he do not give it the magistrate must commit him to prison, specifying in the warrant the requirement to give security, the amount thereof, and the omission to give the same."

Section 2714, 22 Okla. St. Ann. § 48, provides:

"The undertaking must be transmitted by the magistrate to the next district court of the county."

Section 2716, 22 Okla. St. Ann. § 50, provides:

"A person who has entered into an undertaking to keep the peace must appear on the first day of the next term of the district court of the county. If he do not, the court may forfeit his undertaking, and order it to be prosecuted unless his default be excused."

Petitioner further alleges that the sections of the Code as above and aforesaid quoted:

"Do not provide, or state, just what penalty, if any, shall be imposed, or say, state or intend to convey, any certain intent of the minds and intentions of the Legislature in making, creating, and placing such statute upon and within the legal code procedure of the criminal statutes in this, to wit: That it fails to define any distinction between a felony and misdemeanor, but does confer jurisdiction upon the peace justice court. Inasmuch as in this particular case said justice court assumed jurisdiction in imposing said sentence and order, confining your petitioner in the said jail for an undetermined length of time, which now consists of about 65 days, petitioner therefor contends that said justice of the peace has no power, authority or jurisdiction to commit or remand this petitioner to jail for any period or duration of time longer than 30 days, for the reason that in misdemeanor cases the jurisdiction of peace justice court is well defined by constitutional and statutory law, which has been upheld, interpreted and construed by the great weight of many authorities, to mean that 30 days is the absolute limit of time which a judgment of a peace justice court allows such court to confine, commit and incarcerate any person to jail; and your petitioner deems it unnecessary to cite such authorities for the reason that such jurisdiction is so generally well-known as to almost create common knowledge."

"And that the aforesaid peace bond statutes provide that the transcript be sent to the district court and that he have a trial in the district court on the first day of the first term of said district court, but owing to the fact there are only two terms of the district court of Oklahoma county, a person may be committed to jail on the 2nd day of January and held for trial until the 1st day of July, which, of course, would not be allowing a defendant a fair and speedy trial, as provided for by the Constitution.

"Wherefore, premises considered, petitioner prays the court to grant him this writ, that he be discharged and released from the custody of said sheriff, and will so ever pray."

Upon the presentation of the petition, and after an examination of the record, it was the conclusion of the court that the petition does not state facts sufficient to

show that petitioner is entitled to the relief prayed for. The demurrer thereto was sustained, and it was adjudged and ordered that the writ be denied.

It will be noted that petitioner sets up two grounds upon which he seeks to be discharged by this court. The first is that the judgment and commitment issued thereon by the committing magistrate is void, for the reason that the duration of imprisonment is indefinite and uncertain; and, second, that in the proceeding had petitioner was denied his constitutional and statutory right to a speedy trial.

The first ground is without merit. Under the statute he must be tried not later than the first day of the next term of the district court, but it is his privilege to ask for an earlier hearing.

Our Code of Criminal Procedure, sec. 3369, 39 Okla. St. Ann. § 581, provides, generally, that from any final judgment of a justice of the peace, the defendant may appeal to the district, superior or county court upon filing within ten days a good and sufficient bond, conditioned that appellant will appear before the appellate court on the first day of the regular term thereof.

"Provided, that if the defendant desires to appeal without giving bond as herein provided, he must be confined in jail until the appeal is disposed of."

It is the policy of the law that persons charged with crime shall have a speedy as well as a fair and impartial trial. To that end it is provided in the Bill of Rights that: "Right and justice shall be administered without sale, denial, delay, or prejudice." Const. art. 2, sec. 6, Okla. St. Ann.

And further that:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed." Const. art. 2, sec. 20, Okla. St. Ann.

Our Code of Criminal Procedure provides:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." Sec. 2872, 22 Okla. St. Ann. § 812.

The provision of the Code of Criminal Procedure above quoted is intended as a legislative declaration of what is and of what is not a reasonable and proper delay in bringing an accused person to trial in respect to his constitutional rights aforesaid.

The authorities uniformly hold that such statutes are enacted for the purpose of enforcing the constitutional right to a speedy trial, and that they constitute a legislative construction or definition of the constitutional provision. Eubanks v. Cole, 4 Okla. Cr. 25, 109 P. 736.

In Ex parte Munger, 29 Okla. Cr. 407, 234 P. 219, this court held:

"A 'speedy trial' within the meaning of the constitutional provision (article 2, § 20, Okla. St. Ann. Const.), means a trial before the end of the second term of court after indictment found or information filed, unless the delay shall happen on defendant's application. (Sts. 1931, § 2872, 22 Okla. St. Ann. § 812). Any delay caused by the operation of rules of law does not work prejudice to the constitutional right of the accused in that regard."

The statute is for the purpose of carrying into effect the constitutional guaranty of a speedy trial.

Upon the record before us, no sufficient cause was shown for issuing of the writ. It was therefore denied.

BAREFOOT and DAVENPORT, JJ., concur.