## BURNICE BRUMMITT v. HIGGINS, Judge.

No. A-10613. April 11, 1945.
(157 P. 2d 922.)

Hulsey & Hulsey, of McAlester, for petitioner.

Tom G. Haile, Co. Atty., of McAlester, for respondent.

JONES, J. This is an original proceeding instituted by the petitioner, Burnice Brummitt, in which he seeks a writ of mandamus directed to the respondent, R. W. Higgins, district judge of Pittsburg county, ordering the said respondent to dismiss a criminal action filed against the petitioner in the district court of Pittsburg county,

for the reason that several terms of court have passed since an information was filed against petitioner, charging him with the crime of murder, and that petitioner has been denied his right to a speedy trial as guaranteed by the Constitution and statutes of the State of Oklahoma.

The verified petition filed herein alleges that an information was filed in the district court of Pittsburg county on May 19, 1941, charging the petitioner with the crime of murder. That petitioner was arraigned, entered his plea of not guilty, and said cause set for trial on June 11, 1941. That the case was set on the heel of the docket. That on June 11, 1941, petitioner, who was an inmate of the State Penitentiary, was in the courtroom ready for trial. That it appeared that the case would not be reached on said assignment. That the petitioner was suffering with active tuberculosis, and was held in solitary confinement in the State Penitentiary, by reason of the murder charge which was pending against him. That because of this and being desirous of having a speedy trial, the petitioner agreed to waive a jury trial, which was done.

That although a jury trial was waived for the specific purpose of getting a trial at that term of court, his cause was never assigned for trial to the court nor to a jury during that term.

That said cause was later placed on the jury trial docket for trial on October 9, 1941. That no trial was afforded defendant on that date and no continuance nor postponement of the trial was made with his knowledge or consent.

That said cause was not assigned for trial after October 9, 1941, until October 13, 1942. That petitioner

was ready for trial on October 13, 1942, but no trial was afforded him and the case was not stricken from the assignment nor continued with his knowledge or consent. That said cause was next assigned for trial on the jury docket for June 8, 1943. That petitioner was ready for trial and urging his attorney to see that he was afforded a trial, but notwithstanding this, he was not granted a trial on June 8, 1943, and the cause was not continued nor stricken from the assignment with his knowledge or consent.

That on September 8, 1943, he employed Hulsey & Hulsey as attorneys, who filed on that date a motion to dismiss said cause for the reason that he had been denied a speedy trial. That thereafter, the cause was again assigned for trial on October 20, 1943. That notwithstanding he had filed a motion to dismiss the cause for want of a speedy trial, he was not tried on October 20, 1943, and did not give his consent to a postponement or continuance of the trial. The said cause was later assigned for trial on February 2, 1944. That prior thereto and on January 31, 1944, the petitioner filed another motion to dismiss the case because he had been denied his right to a speedy trial.

That the cause was not tried on February 2, 1944, and no order made striking the same from the assignment for trial on that date, and no order was made continuing the trial to a subsequent term of the court.

That the cause was never assigned for trial at any time after its assignment for trial on February 2, 1944, and, accordingly, on December 6, 1944, the petitioner filed a third motion to dismiss because he had been denied his right to a speedy trial. That on February 7,

1945, all of the motions to dismiss were overruled, and the cause assigned for trial on March 1, 1945.

The petition further alleges that if he had been granted his right to a speedy trial as was being demanded by him, that he could have had witnesses to have established his innocence, but that the only witnesses to the alleged crime were inmates of the State Penitentiary, but that on account of the long delay in affording petitioner a trial, that the witnesses have either died or been discharged from the penitentiary to where they are not now available, and he is unable to produce them at the trial on March 1, 1945, and that unless this court issues a writ of mandamus directing the district court of Pittsburg county to dismiss said cause, the petitioner will be denied his constitutional and statutory rights and will not be afforded due process of law.

Attached to the verified petition are copies of the motions to dismiss filed by the defendant in the district court of Pittsburg county.

The county attorney of Pittsburg county filed a response to the said petition which in substance recited as follows:

That he denied each and every allegation of the petition except such as are expressly admitted.

The respondent admits that the case against defendant was set for trial on the dates alleged in the petition. The response further alleges that on each of the occasions that the case was set for trial, the state caused subpoenas to be issued and was ready for trial. That the case was stricken from the first trial assignment because the defendant through his counsel waived a trial by jury. That the cause was stricken from the assign-

ment of October 9, 1941, because defendant's counsel and the county attorney were trying to agree upon a sentence which might be given the defendant on a plea of guilty. That the county attorney who had charge of the prosecution on October 13, 1942, is now in the armed services, and the present county attorney is not advised and is unable to state why the cause was not tried at the setting on October 13, 1942.

That the present county attorney assumed the duties of his office in January, 1943, and being in ignorance of the agreement to waive a jury, had the cause set on the jury trial docket for June 8, 1943. That when the defendant was brought before the bar of the court at that time, the court recalled the agreement between the defendant and the former county attorney to waive a jury and the cause was stricken from the docket with the understanding that a trial of the said cause would be had after the close of the jury term. The respondent further alleged that the criminal dockets in Pittsburg county were congested on account of a large influx in the population caused by the location of a United States Ammunition Depot in Pittsburg county. That said cause was not set for trial again until October 20, 1943. That the case was not tried at that time because of the pending motion which had been filed by the defendant on September 8, 1943, to dismiss said case.

That the cause was again set for trial on February 2, 1944, but that counsel for defendant on January 31, 1944, filed another motion to dismiss and on account of the allegations of said motion, said cause was continued from trial on that date. That the cause was not set for trial subsequent to February 2, 1944, because of the pendency of the motion to dismiss. The respondent further

alleges that the defendant has not been injured by said continuances. That he is now claiming an alibi but at the time he was apprehended he admitted the killing and related to the officials of the institution the manner in which the killing occurred.

When the motion to dismiss was heard by the district court of Pittsburg county on February 7, 1945, testimony was taken and a transcript of this testimony was prepared, and, by agreement, the cause in this court was submitted upon the transcript of the evidence taken in the hearing before the district court of Pittsburg county. The parties hereto further agreed that the trial of the defendant in the district court of Pittsburg county set for March 1, 1945, would be stayed until the disposition of this cause by the Criminal Court of Appeals.

There is very little dispute as to the facts which have a bearing upon the issues before this court. In the response, there is an explanation as to why the defendant has not been tried and this court can understand the predicament in which the present county attorney finds himself. But we are unable to conclude that the matters set forth in the response amount to a legal justification for the failure to try the defendant.

The evidence specifically shows that the cause was never stricken from the trial assignment nor continued by agreement of defendant or his counsel or at their request. The defendant and his counsel both so testified, and there is no evidence in the record to refute it. The appearance docket of the court clerk and the minutes of the court fail to show any order of the court striking the cause from the trial assignments or continuing it from one term to the other. The clerk testified that the case

just wasn't tried, that the court did not issue an order striking it from the assignment or continuing the trial to another term, but that it just was left on the docket and never tried. The defendant and his counsel testified that they were ready at all times for trial.

The Bill of Rights of the Oklahoma Constitution provides: "Right and justice shall be administered without sale, denial, delay, or prejudice," Art. 2, sec. 6; and, further, "in all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed." Art. 2, sec. 20.

22 O. S. 1941 § 812 provides:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed unless good cause to the contrary be shown."

In the case of Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419, 427, it is stated:

"The term 'speedy,' as employed in the constitutional provisions under consideration, being a word of indeterminate meaning, permits legislative definition to some extent; and the authorities generally hold that statutes providing for a discharge of accused unless trial is had within a stated time after indictment, information, or commitment, or which require an indictment or information within a stated time, are enacted for the purpose of enforcing the constitutional right, and that they constitute a legislative construction or definition of the constitutional provision, and must be construed fairly to the accomplishment of that end. 22 C.J.S., Criminal Law, § 467, p. 716.

"See, also, Ex parte Leathers, 66 Okla. Cr. 172, 90 P. 2d 450; Ex parte Menner, 35 Okla. Cr. 252, 250 P. 541; Ex parte Munger, 29 Okla. Cr. 407, 234 P. 219."

And, also:

"As there is no hard and fast rule for determining the question as to what is meant by the term 'unless good cause to the contrary be shown,' § 2872, supra, it becomes a matter for judicial determination under the facts and circumstances in each particular case."

In Harrell v. State, 41 Okla. Cr. 305, 272 P. 1038, it is stated:

"Accused, applying for dismissal for unnecessary delay, need only show expiration of statutory time and lack of postponement on his application; on accused's application to dismiss for delay, prosecution must show cause for continuing him over statutory time." Comp. St. 1921 § 2913 [22 O. S. 1941 § 812].

To the same effect, see Parker v. State, 7 Okla. Cr. 238, 122 P. 1116, 124 P. 80; Clinkenbeard v. State, 40 Okla. Cr. 113, 267 P. 485; Culver v. State, 11 Okla. Cr. 4, 141 P. 26; Smith v. State, 27 Okla. Cr. 294, 227 P. 901.

It has been held that where the defendant is on bail the presumption is that the delay was caused by or with the consent of the defendant and the record must affirmatively show that he demanded a trial or resisted the continuance of the case. However, if the defendant is not on bail, the law makes the demand for him and the prosecution has the burden of showing that the trial was delayed for some lawful cause. State ex rel. Davis v. Bayless, 38 Okla. Cr. 129, 259 P. 606; Francis v. State, 26 Okla. Cr. 82, 221 P. 785; Bowes v. State, 7 Okla. Cr. 316, 126 P. 580.

In the instant case, the defendant was not out on

bail. After defendant showed the failure to try the case was not upon his application, the burden, therefore, was upon the state to show good cause why the defendant was not brought to trial at the next term of court after the information was filed. The respondent attempts to meet this burden by alleging that the state was ready for trial on each of the various times the cause was assigned for trial during the period of about four years that the case has been pending. On one occasion, it is alleged that the cause was delayed because defendant's counsel was seeking to secure a short sentence upon a plea of guilty. However, there was no proof as to this fact introduced at the hearing. The defendant is not contending that the state was not ready for trial at the various times the cause was assigned for trial, but he is complaining because the state did not proceed with the trial. The state does not meet the requirements of the law by merely being ready for the trial, but the accused is guaranteed a speedy trial. The records in the court clerk's office do not disclose and the record before us is silent as to any reason for the case not being tried on one or two occasions when it was set for trial. During one period, over a year expired when it was not even set on a trial docket. There was no shortage of funds because the court clerk testified that all of the costs incident to a trial of a crime committed within the penitentiary were borne by the state and not by Pittsburg county. We cannot perceive any legal reason why the cause was not tried, and there has been no serious attempt to justify the failure to try the accused. This might probably be accounted for by the fact that the county attorney knows that the cause can be dismissed and that such dismissal is not a bar to the filing of another prosecution for the same offense. 22 O. S. 1941

§ 817; Ex parte Warrenburg, 63 Okla. Cr. 125, 73 P. 2d 476.

As to whether mandamus is the appropriate remedy, where the defendant has been denied his right to a speedy trial, see McLeod v. Graham, 6 Okla. Cr. 197, 118 P. 160; State ex rel. Eubanks v. Cole, 4 Okla. Cr. 25, 109 P. 736; State ex rel. Sims v. Carruthers, 1 Okla. Cr. 428, 98 P. 474.

In McLeod v. Graham, supra, it is held:

"Where a defendant is prosecuted, either by information or by indictment, and is not brought to trial at the next regular term of the court in which said case is triable after the prosecution is begun therein, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown, or unless the trial of said cause has been postponed upon the application of the defendant, or with his consent; and if the trial court, upon application of the defendant, refuses to make this order, mandamus proceedings will lie in behalf of the defendant to compel the dismissal of said cause."

It is our conclusion after a review of the record in this case that the defendant, being in custody and not on bail, had only to show that he was not brought to trial at the next term of court after the information was filed, that the delay was not on his application or with his consent, and, then, the burden shifted to the state to show good cause why the defendant had not been tried; that the state has failed to sustain this burden; that the explanation of the failure to try the accused at the various terms of court that have passed is not sufficient to amount to a legal cause for failure to give him a speedy trial.

It is, therefore, ordered that the respondent, the Honorable R. W. Higgins, judge of the district court of Pittsburg county, be and he is hereby directed and com-

manded to dismiss the prosecution in case No. 4365, wherein the State of Oklahoma prosecutes the defendant, Burnice Brummitt, for the crime of murder, in the district court of Pittsburg county.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.