HEMBREE v. HOWELL, District Judge.

No. A-11321. Jan. 25, 1950.

(214 P. 2d 458.)

372

George Hill and Kirksey Nix, McAlester, for petitioner.

Jack Scott, Co. Atty., and Buck Cartwright, Asst. Co. Atty., Wewoka, for respondent.

JONES, P. J. This is an original action instituted by the petitioner, A. Y. Hembree, in which he seeks a writ of mandamus directed to the respondent, Bob Howell, district judge of Seminole county, ordering the said respondent to dismiss a criminal action filed against the petitioner in the district court of Seminole county, for the reason that the petitioner has been incarcerated in the county jail of Seminole county, and in the State Penitentiary for alleged safe-keeping since the 12th day of May, 1948, and has never been brought to trial, and for that reason petitioner has been denied his right to a speedy trial as guaranteed by the Constitution and statutes of the State of Oklahoma.

The cause was submitted upon a written stipulation signed by counsel for the petitioner and counsel for the respondent.

The facts as set forth in the stipulation are as follows: Defendant was arrested for the alleged crime of larceny of an automobile on June 10, in Seminole county, Okla., and was duly arraigned before a committing magistrate on said charge on June 14, 1948. A preliminary examination was held on July 17, 1948, at which time defendant was ordered held to await trial in the superior court of Seminole county, and his bond was fixed at the sum of $6,000, and defendant was recommitted to the county jail. On July 19, 1948, an informa-

tion was filed in the superior court of Seminole county charging the defendant with larceny of an automobile after former conviction of a felony. On August 18, 1948, petitioner was arraigned in the superior court of Seminole county, entered a plea of not guilty and his bond was reduced to $5,000, and defendant was recommitted to the county jail. On September 13, 1948, defendant presented an appearance bond which was duly approved by the court clerk on that day, and defendant was released from jail. The following day, after investigation, the court clerk concluded that the bond executed by the accused was insufficient and the sheriff of Seminole county was thereupon ordered by the superior court judge to rearrest and take petitioner into custody. At that time, the sheriff went to the home of petitioner for the purpose of taking him into custody, and found defendant sick and unable to leave his bed. A doctor was summoned who reported to the court that the accused had pneumonia. About two weeks later, after the accused had recovered from his illness, he was again placed in the county jail. During the time defendant was in jail, an order setting a court term commencing on October 11, was made by the superior court. On November 16, 1948, certain attorneys in a civil action filed a motion to quash the jury panel, which motion was sustained, and all cases set for trial were stricken. The defendant being in jail thereupon made a demand that his case be tried; whereupon the judge of the superior court on November 22, 1948, made an order transferring said case to the district court of Seminole county, and on November 26, 1948, a transcript from the superior court was filed of record in the office of the court clerk of the district court of Seminole county, and given case No. 6478 in said district court. A docket was set in the district court of Seminole county, and the case against petitioner was assign-

ed for trial on December 13, 1948. On the date of trial, defendant appeared in court without counsel and the court appointed counsel to represent him and continued the case to December 15, 1948; and on December 15, 1948, said case was continued to December 17, 1948. On December 17, 1948, about 8:30 a.m., the defendant made an attempt to either take his own life, or do himself great bodily harm, and his condition was such that it was determined that he was not able to attend court, and an order was made at that time striking the case from the trial assignment. Thereafter, on December 21, 1948, the accused was taken by the sheriff of Seminole county to the State Penitentiary at McAlester for proper hospitalization and safe-keeping. At the State Penitentiary, he was kept in solitary confinement until September 30, 1949, at which time he was returned to the custody of the sheriff of Seminole county upon the order of the district court of Pittsburg county, after a habeas corpus action was brought in petitioner's behalf in that court.

On October 21, 1949, the defendant filed his motion to dismiss the case pending against him for the reason he had been denied his right to a speedy trial, which motion was denied, and this action was then instituted.

In the case of Brummitt v. Higgins, 80 Okla. Cr. 183, 157 P. 2d 922, 925, this court stated:

"The Bill of Rights of the Oklahoma Constitution provides: 'Right and justice shall be administered without sale, denial, delay, or prejudice,' Art. 2, Sec. 6; and, further, 'in all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed.' Art. 2, Sec. 20.

"Title 22 O. S. 1941 § 812, provides: 'If a defendant, prosecuted for a public offense, whose trial has not been

postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed unless good cause to the contrary be shown.'

"In the case of Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419, 427, it is stated:

" 'The term "speedy," as employed in the constitutional provisions under consideration, being a word of indeterminate meaning, permits legislative definition to some extent; and the authorities generally hold that statutes providing for a discharge of accused unless trial is had within a stated time after indictment, information, or commitment, or which require an indictment or information within a stated time, are enacted for the purpose of enforcing the constitutional right, and that they constitute a legislative construction or definition of the constitutional provision, and must be construed fairly to the accomplishment of that end. 22 C.J.S., Criminal Law, § 467, p. 716.

" 'See, also, Ex parte Leathers, 66 Okla. Cr. 172, 90 P. 2d 450; Ex parte Menner, 35 Okla. Cr. 252, 250 P. 541; Ex parte Munger, 29 Okla. Cr. 407, 234 P. 219.'

"And, also: 'As there is no hard and fast rule for determining the question as to what is meant by the term "unless good cause to the contrary be shown," § 2872, supra, it becomes a matter for judicial determination under the facts and circumstances in each particular case.'

"In Harrell v. State, 41 Okla. Cr. 305, 272 P. 1038, it is stated: 'Accused, applying for dismissal for unnecessary delay, need only show expiration of statutory time and lack of postponement on his application; on accused's application to dismiss for delay, prosecution must show cause for continuing him over statutory time.' Comp. St. 1921 § 2913 (22 O. S. 1941 § 812).

"To the same effect, see Parker v. State, 7 Okla. Cr. 238, 122 P. 1116, 124 P. 80; Clinkenbeard v. State, 40 Okla. Cr. 113, 267 P. 485; Culver v. State, 11 Okla.

Cr. 4, 141 P. 26; Smith v. State, 27 Okla. Cr. 294, 227 P. 901.

"It has been held that where the defendant is on bail the presumption is that the delay was caused by or with the consent of the defendant and the record must affirmatively show that he demanded a trial or resisted the continuance of the case. However, if the defendant is not on bail, the law makes the demand for him and the prosecution has the burden of showing that the trial was delayed for some lawful cause. State ex rel. Davis v. Bayless, 38 Okla. Cr. 129, 259 P. 606; Francis v. State, 26 Okla. Cr. 82, 221 P. 785; Bowes v. State, 7 Okla. Cr. 316, 126 P. 580."

The act of the defendant in attempting to take his own life in December, 1948, was good cause for not trying the defendant during that term. However, the accused was taken to the State Penitentiary and kept in solitary confinement for over nine months, and during all this period of time his case was not assigned for trial. There was no attempt to justify the failure to bring the defendant to trial in the January, 1949, term of court which ended June 30, 1949. The county attorney contends that when they offered the defendant a trial in December, 1948, and were prevented from trying defendant because of his willful act, that they were then under no obligation, statutory or otherwise, to afford the defendant a trial during the following term of court. We do not agree with this contention. The case should have been set for trial during the January, 1949, term. The petitioner has now been incarcerated in the county jail of Seminole county, or the State Penitentiary for over 18 months, and has never been tried. The only time it was set for trial was December 13, 1948, at which time the defendant had been in jail over seven months and was demanding a trial. The constitutional and statutory pro-

visions above quoted certainly will apply to such a factual situation.

As to whether mandamus is the appropriate remedy, where the defendant has been denied his right to a speedy trial, see McLeod v. Graham, 6 Okla. Cr. 197, 118 P. 160; State ex rel. Eubanks v. Cole, 4 Okla. Cr. 25, 109 P. 736; State ex rel. Sims v. Caruthers, 1 Okla. Cr. 428, 98 P. 474, and Brummitt v. Higgins, supra.

In McLeod v. Graham, supra, it is held:

"Where a defendant is prosecuted, either by information or by indictment, and is not brought to trial at the next regular term of the court in which said case is triable after the prosecution is begun therein, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown, or unless the trial of said cause has been postponed upon the application of the defendant, or with his consent; and if the trial court, upon application of the defendant, refuses to make this order, mandamus proceedings will lie in behalf of the defendant to compel the dismissal of said cause."

At the time said cause came on for hearing in this court on November 23, 1949, an order was made directing the district court of Seminole county to dismiss case No. 6478 in the district court of Seminole county for the failure to grant the defendant a speedy trial without prejudice to the right of state to commence a new prosecution against the accused at anytime within three years after the alleged crime was committed.

This formal opinion is rendered in conformity to that order.

BRETT and POWELL, JJ., concur.