**S. M. PATTON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

No. A–12463.

Criminal Court of Appeals of Oklahoma.

June 19, 1957.

Alvin C. Bruce, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, S. M. Patton, defendant below, was charged by information in the County Court of Carter County, Oklahoma, with the offense of unlawful possession of intoxicating liquor, to wit: some fifty-four bottles of assorted whiskies, gin, and vodka. He was tried by a jury, convicted, his punishment fixed at thirty days confinement in the county jail and a fine of $250 and costs. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The defendant first contends the trial court erred in overruling his motion to dismiss for failure to grant a speedy trial as provided in 22 O.S.1951 § 812. On this point the record is completely silent. The information was filed on March 19, 1956, and trial was had on February 15, 1957. While it is true, as defendant contends, that no motion for continuance by the defendant appears in the record, it is also true that no showing is made that the defendant was held in jail during this time. In Brummitt v. Higgins, 80 Okl.Cr. 183, 157 P.2d 922, 925, it was said:

"It has been held that where the defendant is on bail the presumption is that the delay was caused by or with the consent of the defendant and the record must affirmatively show that he demanded a trial or resisted the continuance of the case."

In re Gregory, Okl.Cr., 309 P.2d 1083; Hembree v. Howell, 90 Okl.Cr. 371, 214 P.2d 458. No such affirmative showing being made, we must conclude the above rule applies and the point raised is without merit.

The second point raised by defendant is the court erred in overruling his motion to suppress the evidence given by one J. C. Baker. The record reveals that Mr. Baker was supposedly deputized by Constable Robert Denny of Lone Grove, Carter County, to assist him in making the search complained of. Defendant contends there is no provision in the Statutes of Oklahoma giving a Constable authority to deputize an assistant. On the trial, upon objection by counsel for the defendant, the witness, Baker, was not permitted to testify in the capacity of a deputy, but did testify as a witness, over defendant's further objections. Defendant bases this objection on 39 O.S.1951 § 611, which places authority in the hands of Justices of the Peace to appoint special constables.

Investigation of this contention leads our attention to 19 O.S.1951 § 516, which reads:

"It shall be the duty of the sheriff, under-sheriffs and deputies to keep and preserve the peace of their respective counties, * * * and in apprehending or securing any person for felony or *breach of the peace, they and every constable may call to their aid such person or persons of their county as they may deem necessary.*" (Emphasis ours.)

In Miles v. State, 30 Okl.Cr. 302, 236 P. 57, 44 A.L.R. 129, it was held that possession of intoxicating liquor in a public place with intent to violate the prohibition law constitutes a breach of the peace. Thus, it would appear that Constable Denny did in fact have the authority to designate the witness, Baker, as his assistant, and Baker could testify in either capacity. Further-

more, to hold, as defendant urges, that Baker could not testify as an onlooker because he went out as a deputy would lead to the position that no official could testify as a private citizen but only in his official capacity. We find no merit therein.

■ Defendant's third contention is that the trial court erred in overruling his demurrer to the evidence and request for an instructed verdict of not guilty. He relies upon 37 O.S.1951 § 82, and maintains that possession of intoxicating liquor with intent to sell has not been proven.

■ The above statute provides that possession of in excess of one quart of any spirituous, vinous, fermented or malt liquor of more than 3.2% alcohol measured by weight, is unlawful, with the exception of a few specified instances, among which defendant does not fall. The officers discovered 33 one-half pints whiskey, 7 half-pints vodka, 12 half-pints gin, and 2 pints gin on defendant's premises. In Smith v. State, 62 Okl.Cr. 33, 69 P.2d 671, this Court said:

> "The term 'prima facie evidence' within statute providing that keeping in excess of one quart of any liquor shall be prima facie evidence of unlawful intent is that degree of proof which unexplained or uncontradicted is alone sufficient to establish unlawful intent if it be credited by jury."

Defendant offered no evidence on his own behalf and his possession of the aforementioned quantity of liquor stands unexplained or uncontradicted.

■ Finally, the defendant contends the sentence imposed by the jury is excessive. Thirty days confinement is the minimum jail sentence provided for this offense, and the maximum fine is $500. In view of the quantity of liquor in the possession of the defendant, and the reputation of the establishment, we do not find the penalty of thirty days confinement and fine of $250 to be excessive.

Affirmed.

POWELL and NIX, JJ., concur.