Anthony J. BELL, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13993.

Court of Criminal Appeals of Oklahoma.

July 26, 1967.

R. Kay Matthews, Atoka, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Anthony J. Bell, Jr., was charged in the district court of Atoka County with escape from prison. On trial the jury found him guilty, fixed his punishment at two years in the state penitentiary, and he has appealed.

At the time of his escape, defendant was serving a four-year sentence, assessed by the district court of Tulsa County on March 25, 1964, on conviction of burglary in the second degree, after former conviction of felony.

This complaint was filed October 5, 1964 before the county judge as committing magistrate, charges that the defendant escaped from the Oklahoma State Penitentiary farm in Atoka County on September 1, 1964. The records show that immediately after his capture defendant was returned to the penitentiary at McAlester, in Pittsburg County.

On November 9, 1964 a hearing was held by the committing magistrate, and a preliminary hearing was had on November 24, 1964. At the preliminary hearing defendant was bound over to stand trial in the district court of Atoka County. The defendant was present at each of these hearings.

Information was filed in the district court of Atoka County on November 25, 1964. Defendant was brought before the said district court for arraignment on November 10, 1965. The minutes of the court show that defendant was advised of his constitutional rights, and stated to the court that he did not have an attorney. The court thereupon appointed an attorney for the defendant, and adjourned the arraignment until 2 o'clock in the afternoon. The case was set for district court trial for November 15, 1965.

Counsel for defendant, on November 10, 1965, filed a motion to dismiss on the grounds that more than two terms of court had passed since the charge was filed; and, further, that he did not have an attorney at his "arraignment" before the committing magistrate, and that he had been denied a preliminary "trial".

This motion was overruled, appearance bond set, and the defendant was served with a copy of the information by the court.

The case came on for trial on the date set, and the defendant again filed a motion to dismiss on essentially the same grounds as stated in the earlier motion. The motion was overruled, and the case proceeded to trial. The verdict of the jury was returned on the same day, November 15, 1965, and motion for new trial was filed December 28, 1965. The motion for new trial was overruled and judgment and sentence entered on that date.

In his petition in error, defendant alleges nine assignments of error, but in his brief only three matters are urged and argued.

Defendant contends that he was not informed of his rights at his "arraignment" before the county judge sitting as a committing and examining magistrate; and urges that counsel should have been appointed for defendant at this "arraignment".

■ The Attorney General, in his brief, states:

"The State has no quarrel with the proposition that a defendant is entitled to advice of counsel at each and every critical stage of a prosecution. A welter of federal opinions has established this rule quite firmly in our jurisprudence. But none of the federal cases, or state cases either, for that matter, has held that a preliminary examination is such a critical state in a prosecution unless a defendant is required to or does enter a plea. And it is no part of Oklahoma's procedure to require any kind of a plea to be entered either at initial appearance before a magistrate, or at a preliminary examination. It does not appear that any

plea was entered by this defendant at his preliminary hearing."

■ With this statement we agree. We hold that this defendant was not deprived of any of his constitutional or statutory rights in connection with his trial.

■ Defendant contends that he is entitled to have the case dismissed, by reason of the fact that he was not granted a speedy trial. He relies upon Title 22 Okl.St.Ann. § 812, which provides:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

This section of the statute operates only when there is some laches on the part of the State. Ex parte Wilkerson, 73 Okl.Cr. 32, 117 P.2d 172 (Certiorari denied Wilkerson v. Barefoot, 314 U.S. 697, 62 S.Ct. 480, 86 L.Ed. 557); Ex parte Meadows, 71 Okl.Cr. 353, 112 P.2d 419. Herein, this defendant was confined in the state penitentiary at McAlester, in Pittsburg County, not by virtue of the charge pending against him in Atoka County, but under judgment and sentence of the district court of Tulsa County.

■ This Court stated in Ex parte Meadows, supra:

"As there is no hard and fast rule for determining the question as to what is meant by the term 'unless good cause to the contrary be shown,' § 2872 [22 O.S.A. § 812], it becomes a matter for judicial determination under the facts and circumstances of each particular case."

And see Hembree v. Howell, District Judge, 90 Okl.Cr. 371, 214 P.2d 458.

■ And again, in Brooks v. District Court of Oklahoma County, Okl.Cr., 408 P.2d 562, we said:

"We are of the opinion that petitioner in the instant case is not entitled to the

relief prayed for, for it affirmatively appears that he is not in custody by virtue of the charge pending against him in Oklahoma county, but under a judgment and sentence rendered against him by the District Court of Tulsa County. Moreover, petitioner does not allege that he has ever requested a trial and resisted a continuance of the case from term to term."

There is nothing in the record to indicate that this defendant ever at any time requested trial, or resisted the continuance of the case pending against him.

For the reasons herein stated, the judgment and sentence of the district court of Atoka County is affirmed

BUSSEY, J., concurs.

NIX, P. J., not participating.