**Charles H. CINDLE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13994.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1967.

Rehearing Denied Nov. 21, 1967.

Merline Bonner, Atoka, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jeff Hartmann, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Charles H. Cindle, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Atoka County for the Crime of Escape From a State Prison, and his sentence fixed at an indeterminate sentence of not less than two, nor more than six years imprisonment at the State Penitentiary at McAlester, Oklahoma.

From the record it appears that Charles H. Cindle pled guilty in the District Court of Oklahoma County to the crime of Attempted Robbery with Firearms on May 31, 1963, and was sentenced to serve a term of ten years imprisonment in the State Penitentiary. He was received at said institution on the 6th day of June, 1963, and thereafter, was made a trusty and transferred from McAlester to Atoka County to the McLeod Honor Farm, where he remained until on the evening of September 27, 1963, at bedcheck, it was discovered that he was missing. Thereafter, on September 30,

**530**

1963, the defendant was returned to the State Penitentiary at McAlester from Oklahoma City.

A preliminary complaint charging the defendant with Escape was filed before the Justice of the Peace in Atoka County on the 5th day of October, 1964, and he was duly arraigned on that charge on the 9th day of November, 1964. Preliminary hearing was held on the 24th day of November, 1964, and on that date he was bound over to the District Court. District Court information was filed on the 25th day of November, 1964, but he was not arraigned thereon until the 10th day of November, 1965, at which time he appeared without counsel and the court appointed counsel to represent him. A Motion to Dismiss was duly filed in the District Court on the 10th day of November, 1965, the same providing:

"Comes now the defendant, CHARLES H. CINDLE, and shows to the Court that since the filing of the complaint of information in the above cause, there have been more than three (3) terms of court expired without the charge against said defendant being docketed or called for trial.

That at no time since the filing of said information or complaint has this defendant sought a continuance, or made application for a continuance, either personally, or by his attorney, or by any other person.

That this defendant has been within the State of Oklahoma at all times since the filing of said original charge, and has been at all times since then incarcerated in the State Penitentiary at McAlester, Oklahoma, and by reason thereof the law made demand for him for a public and speedy trial.

WHEREFORE, this defendant prays that the court dismiss this cause immediately.

CHARLES H. CINDLE, Defendant
By /s/ Merline Bonner
MERLINE BONNER, Attorney for Defendant."

This Motion to Dismiss was overruled by the Court and thereafter on the 15th day of November, 1965, both parties having announced ready for trial, a jury was impaneled and at the conclusion of the evidence the jury returned a verdict of guilty, fixing his punishment at an indeterminate sentence of not less than two, nor more than six years imprisonment in the State Penitentiary at McAlester.

■ On appeal defendant argues three assignments of error. In considering the defendant's first assignment of error that the court erred in overruling his Motion to Dismiss for lack of a speedy trial, we observe that from the time of defendant's apprehension, he was in the custody of the Penitentiary authorities by virtue of a judgment and sentence duly entered against him in the District Court of Oklahoma County for the crime of Attempted Robbery with Firearms, and not by virtue of the charge pending against him in Atoka County for the crime of Escape. No evidence was offered in support of this Motion, nor does it appear that the defendant ever requested a speedy trial or resisted a continuance during the lapse of time between the time the charges were filed against him in Atoka County and his trial thereon. Defendant does allege in his brief that during a portion of this time he was confined in maximum segregation, or what is known as "alcatraz," and on "weed row," or Punishment Work Gang, during which time he was prevented from making a request for a speedy trial. The record in the trial court is silent as to this allegation, and there is nothing in the record before us to support the same, but assuming that the allegations are correct, it does not affirmatively appear from the pleadings that the defendant was denied his right to request a speedy trial for two terms after the institution of said charges. Even if the record supported his allegations, his claim of the denial of a right to a speedy trial would have to fail, since there was ample opportunity after the disciplinary action to request a speedy trial and none was made.

Allegations in a pleading, however, should not be treated as any part of the trial record of the case, unless they are supported by the record. A person desiring to preserve the record should offer proof in support of his Motion to Dismiss in order that the trial court could fairly pass upon the Motion. In the event that the court overruled defendant's Motion, the alleged error would then be preserved in the record and if properly preserved in a Motion for New Trial, would present a question for the determination of this Court on appeal.

In accordance with Bell v. State, Okl.Cr. App., 430 P.2d 841, and authorities cited therein, we are of the opinion that this assignment of error must fail.

■ We next come to defendant's second assignment of error that the trial court erred in overruling the defendant's demurrer to the evidence as presented by the State. We have announced many times the rule set forth in the case of Widdoes v. State, Okl.Cr.App., 297 P.2d 415, that:

"The function of the Criminal Court of Appeals is limited to ascertaining whether there is a basis in the evidence on which a jury could conclude that the accused is guilty as charged."

From an examination of the entire record, it becomes abundantly clear that the evidence is sufficient to sustain the verdict.

■ Defendant last contends that the trial court erred by allowing evidence of bad character to be introduced by the State when the character of the accused had not been put in issue.

The testimony, which the defendant feels is objectionable, is found at Casemade 31, 32, as follows:

"By MR. PARKER:

Q. Are you the same Mr. Choate that previously testified today in this case?

A. Yes sir.

Q. With reference to this defendant, have you got a Commitment issued out of the District Court where he was committed to the Penitentiary for a fel-

ony he committed, and sent there to McAlester to the State Penitentiary?

A. Yes Sir.

Q. Do you have that with you?

A. Yes sir.

Q. What District Court was it issued out of?

A. The Oklahoma County District Court.

Q. What was the charge?

A. Attempted Robbery with Firearms.

Q. What was the penalty?

A. Ten years.

Q. Ten years in the State Penitentiary?

A. Yes sir.

MRS. BONNER: I object; this has nothing to do with this.

THE COURT: Overruled; exceptions allowed.

BY MR. PARKER: Well it does have something to do with it; it shows he was in the Penitentiary. That's all."

The Attorney General in his brief states: "The defendant was charged with 'Escape From a State Prison' as distinguished from an 'Escape From Other Than a State Prison.'

Obviously, the County Attorney's purpose in introducing the testimony in question was to establish that the defendant was lawfully incarcerated in a State prison. Lawful incarceration in a State prison is one of the essential elements of the crime with which the defendant was charged. Absent a showing of such incarceration there would not be sufficient evidence to sustain a verdict.

What more effective method could be employed by the County Attorney to prove this essential element than testimony relating to the order committing the defendant to the penitentiary. The testimony revealed that the defendant was in lawful custody and had been convicted of a felony. Proof of these facts were essential to the State's case and

were not injected to prejudice the rights of the defendant.

Should the court find that this line of questioning was improper, it is submitted that the rule of Davis v. State, 7 Okl.Cr. 322, 123 P. 560, applies. The rule is stated as follows:

'A conviction will not be reversed for alleged misconduct of the prosecuting attorney, unless this court can say that the prosecuting attorney was not only guilty of misconduct, but that such misconduct might, in some degree, have influenced the verdict against the defendant.'

This case has been followed in Crowell v. State, 42 Okl.Cr., 392, 276 P. 518; Stanley v. State, 94 Okl.Cr. 122, 230 P.2d 738; Samples v. State, Okl.Cr., 337 P.2d 756; Sanders v. State, Okl.Cr., 341 P.2d 643; Fike v. State, Okl.Cr., 388 P.2d 347.

The state of the record being what it is, there can be no doubt that the testimony, thought to be objectionable, could not have influenced the verdict against the defendant. The record shows him clearly guilty of the offense charged and the sentence was not excessive; for these reasons it is urged that no error was committed when evidence, relative to the defendant's being convicted of a felony and imprisoned in the State Pententiary, was admitted."

We must agree with the Attorney General, and for the above reasons are of the opinion that the defendant's third assignment of error is wholly without merit.

For the reasons herein stated, the judgment and sentence of the District Court of Atoka County is affirmed.

BRETT, J., concurs.

NIX, P. J., not participating.